FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -1 AM 9: 19

TIMOTHY M. BURGESS
United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
(907) 271-5071

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>        Defendant. | Case No. F03-0040CV(RRB)<br><br>**UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States moves to dismiss the plaintiff's ("Ms. Crawford") claim for lack of jurisdiction because an independent contractor designed and built the Base Exchange("BX") parking lot, sidewalks, and curbs at Eielson Air Force Base (AFB) in Fairbanks, Alaska.  Because the Federal Torts Claims Act, (FTCA), 28 U.S.C. § 2671 et seq. specifically excludes government contractors from the definition of the term "federal employee," the United States is not liable for any injuries that resulted from negligent design or construction of the curb and walkway outside the Eielson BX.

Any allegations of wrongful design and construction are also

barred by the State of Alaska's statute of repose which terminates a cause of action for personal injury caused by negligent construction ten years after substantial completion of the construction. A statute of repose, unlike a statute of limitations, is a substantive law which bars the claim completely. The BX was substantially complete in 1985, and Ms. Crawford fell approximately fifteen years later in 2000.

The only cause of action which Ms. Crawford may pursue is her claim for negligent maintenance of the area.

### FACTS

Sometime around 1983, the USAF awarded the Little Susitna Company, an independent construction company based in Anchorage, Alaska, a contract to design a renovation for the BX at Eielson AFB in Fairbanks. Exs. A & B. Although there is no remaining copy of the contract, there are copies of the "as-built" drawings which identify the Little Susitna Company as the design contractor and Mr. William Kim, as the registered architect who designed the parking lot. Id.

Mr. Kim designed the sidewalks and parking lots surrounding the BX in his office in Anchorage. Ex. B. There was no federal employee at his office. Id. The government provided him some templates of "typical details" the government was expecting on the drawings, but Mr. Kim was not required to use them.

Mr. Kim completed and stamped his design drawings of the

Grading Plan and Site Details for the BX renovation.  Exs. A (upper right corner) & B.  The Little Susitna Company was not awarded the construction phase of the contract.  Ex. B.  Design drawings become "as-built" drawings after they incorporate changes made during the construction.  Ex. B.  Some changes were made from Mr. Kim's design drawings.  None of the changes affected the curb next to the handicap ramp exiting the BX.  Ex. A. at small blue circle.

One detail on the drawing is the "Typical Curb" in the middle of the as-built.  Ex. A at large blue circle.  The drawing indicates the dimensions of the curb and the skirt which connects to the pavement of the parking lot.  Mr. Kim stated that in 1983 and currently, when this was designed there were no standards which applied to parking lots and curbs, including the height of the curb.  Ex. B.

Mr. Kim acknowledged that there are errors in the hash mark symbols used to designate inches and feet.  Ex. B.  The drawing states 1.2 inches to 1.6 inches, when it should have read 1 foot 2 inches to 1 foot 6 inches (14 inches to 18 inches).  That height includes 8 inches of cement which is underground for a footing.  Therefore, subtracting that 8 inches from the entire height of the curb, the height of the curb from the parking lot surface can be 6 inches to 10 inches, according to the drawing. The curb at issue was approximately 9.5 inches at the spot where

Ms. Crawford fell. Ex. B.

The Air Force & Army Exchange Service ("AAFES"), the government agency in charge of having the BX renovated, does not have a construction company and did not build the area. Ex. C. There is no copy of the construction contract in existence. Ex. C. Nonetheless the databank of projects at Eielson AFB includes information about the construction contract, Contract # DACA 85-85-C-1050. which was awarded in 1985 to Toombs & Company. Ex. C. The data-bank also stated that the beneficial occupancy occurred on January 9, 1987. Ex. C. That is the date which signifies that the project is done and the buildings are ready to be occupied. Ex. C.

About thirteen years after the renovation was substantially completed, on September 6, 2000, Ms. Crawford visited the Eielson BX. Complaint ¶ 4 & 6. She entered the BX from the parking area without incident. The weather was clear and there was no frost or ice on the sidewalks. Exhibit E. As Ms. Crawford exited the BX, she walked down the ramp/ sidewalk which provided handicap access to the BX. Id. She did not walk to the end of the sidewalk. Instead, she stepped off the sidewalk's curb into the parking lot at the spot where the parking space that was reserved for the Base Commander. Ex. D. Before her step off the curb, she did not note any defects in the curb, nor did she note any debris. Ex. E, # 9. She claims that she felt the curb give way,

and she fell and hurt her ankle. Complaint ¶ 6.

## STANDARD OF REVIEW

Summary Judgment is appropriate because there "is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary Judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden at trial." Burkowskey v. Walter W. Shuham, CPA, P.C., 666 F. Supp. 181, 184-85 (D. Alaska 1987). To withstand summary judgment, the non-moving party must establish that there are genuine factual issues that may be reasonably resolved in favor of either party. California Architectural Building Products v. Franciscan Ceramics., Inc., 818 F.2d 1466 (9th Cir. 1987). There is no genuine issue of material fact when the relevant evidence in the record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to withstand summary judgment. The opposing party must present evidence on which the jury could reasonably find for the plaintiff. Id. at 252.

5

**ARGUMENT**

**I. THE GOVERNMENT HAS NOT WAIVED ITS SOVEREIGN IMMUNITY FOR THE ACTS OF INDEPENDENT CONTRACTORS, LIKE THE ARCHITECT WILLIAM KIM OR TOOMBS & COMPANY, THE CONSTRUCTION CONTRACTOR**

Under the terms of the FTCA, the United States has waived its sovereign immunity for personal injury damages that arise out of the negligent acts or omissions of government employees. 28 U.S.C. § 2671 *et. seq.* But the FTCA specifically excludes government contractors from the definition of "employee." 28 U.S.C. § 2671. The only notable exception to this rule occurs when the United States supervises the "detailed physical performance" and "day to day operations of a contractor." See Carillo v. United States, 5 F.3d 1302, 1304 (9th Cir. 1993); United States v. Orleans, 425 U.S. 807, 814-15(1976).

The fact that the government may establish detailed project regulations, conduct periodic inspections to ensure compliance, and can ultimately compel compliance with federal standards, is not sufficient grounds to impute an agency relationship. See Ducey v. United States, 713 F.2d 504, 516 (9th Cir. 1983); Letnes v. United States, 820 F.2d 1517, 1519 (9th Cir. 1987).

The Little Susitna Company, an independent contractor, hired William Kim, another independent contractor, to design the sidewalks and curbs of the BX parking lot. He drew the design in his Anchorage office and there was no day to day supervision of the design. Mr. Kim dealt with the Little Susitna Company and

6

not a government official.

By law, architects who stamp drawings assert their responsibility for the drawing. Alaska Statute 08.48.221 mandates that all drawings, specifications and calculations on construction documents carry the registered seal and signature of the professional who was responsible for their preparation. By signing and affixing his registered architect's seal of his design drawings, Mr. Kim certified, in accordance with Chapter 12 Section 36.185(7) of the Alaska Administrative Code (AAC), that he had direct supervisory control over this work.

When Toombs and Company constructed the sidewalks and parking lot, some changes were made and the drawings were altered. Ex. B. No alterations were made to the curb itself, which Ms. Crawford identifies as the object which contributed to her fall. Compare Ex. A at small blue circle with Ex. D and circled curb.

Thus, no employee of the United States designed or built the BX's parking lot and curb. If the curb does not conform to code, and that was negligent, the act was done by an independent contractor. Pursuant to the FTCA's statutory provision, the United States has not waived its sovereign immunity as a defense to Ms. Crawford's torts claim of negligent design and construction. Therefore, as a matter of law, the government is not liable on any claim that the curb was incorrectly designed or constructed. Accordingly, the United States moves that the court

dismiss Ms. Crawford's claim of negligent design and construction for lack of jurisdiction. See 28 U.S.C. § 2674; Celotex Corp. v. Catrett, 477 U.S. 317, 322-323; Fed. R. Civ. P. 12(b)(1).

**II.     ALL ALLEGATIONS OF DESIGN DEFECT OR CODE VIOLATIONS ARE BARRED BY THE STATUE OF REPOSE**

Ms. Crawford is barred from bringing her claim for personal injury, which was allegedly caused by the negligent design or construction of the curb, because more than ten years has passed since the construction was substantially completed. Alaska Statute 09.10.055 "Statute of repose for 10 years," states:

> (a) Notwithstanding the disability of minority described under AS 09.10.140(a), a person may not bring an action for personal injury, death, or property damage unless commenced within 10 years of the earlier of the date of
>
> (1) substantial completion of the construction alleged to have caused the personal injury, death, or property damage; however, the limitation of this paragraph does not apply to a claim resulting from an intentional or reckless disregard of specific project design plans and specifications or building codes; in this paragraph, "substantial completion" means the date when construction is sufficiently completed to allow the owner or a person authorized by the owner to occupy the improvement or to use the improvement in the manner for which it was intended; or
>
> (2) the last act alleged to have caused the personal injury, death, or property damage.

As this is a case in federal court the issue arises whether Alaska's statute of repose is procedural or substantive in nature. If it is procedural, then the federal law applies; if it is substantive, then the state law applies in an FTCA action. 28

8

U.S.C. § 2674.

The Eleventh Circuit addressed this issue in an FTCA medical malpractice act because the state law of Georgia had a statute of repose which applied to all medical malpractice cases. Simons v. Sonyika, 394 F.3d 1335 (11th Cir. 2004). In Georgia, a malpractice case had to be brought within five years of the last act constituting malpractice. The Eleventh Circuit certified a question to the Supreme Court of Georgia regarding whether another statute, dealing with estates, could toll the statute of repose. Id. at 1340. Before certifying a question to the Georgia Supreme Court, the Circuit Court discussed the nature of a statute of repose and quoted a prior Georgia appellate decision which stated:

> A statute of repose stands as an unyielding barrier to a plaintiff's right of action . . . [which] destroys the previously existing rights so that, on the expiration of the statutory period, the cause of action no longer exists.

The Eleventh Circuit also cited to another Georgia opinion which held that "'[B]y definition, a statute of ultimate repose cannot be 'tolled' to permit actions to be brought for injuries which did not occur until after the statutory period had expired.'"). Simons, 394 F.3d. at 1340, citing Hill v. Fordham, 186 Ga.App. 354, 357, 367 S.E.2d 128 (1988).[1]

---

[1] The Supreme Court of Georgia ruled that the unrepresented estate statute did not toll the statute of ultimate repose by period during which estate went unrepresented. Simmons v.

9

The Fifth Circuit addressed the same issue in <u>Wayne v. Tennessee Valley Authority</u>, 730 F.2d 392 (5th Cir. 1984). Although in that case federal question jurisdiction provided the jurisdictional basis for the federal suit, rather than the FTCA, the court discussed at length the effect of a statute of repose on litigation. In that case, Tennessee had a ten year statute of repose that applied to all product liability cases. The District Court had found that Tennessee's products liability statute of repose was substantive, rather than procedural, and that it barred the action because the product at issue had been produced and sold more than ten years previously. <u>Id</u>. at 400. The Fifth Circuit agreed and wrote:

> In recent years many states have enacted such statutes. [FN7] They have been labeled "statutes of repose" in order to distinguish them from ordinary statutes of limitations which usually set much shorter time periods which run from the time the cause of action accrues, rather than from an arbitrary time such as the date of purchase. F. McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose,* 30 Am.U.L.Rev. 579, 584 (1981). Because the date of injury is not a factor used in computing the running of the time period, and such statutes typically do not have tolling provisions, the statutes acquire a substantive nature, barring rights of action even before injury has occurred if the injury occurs subsequent to the prescribed time period.

730 F.2d at 402.

---

<u>Sonyika</u>, 614 S.E. 2d 27, 30 (2005) It wrote: "Unlike statutes of limitation, statutes of repose may not be 'tolled' for any reason, as 'tolling' would deprive the defendant of the certainty of the repose deadline and thereby defeat the purpose of a statute of repose." <u>Id</u>. (citations omitted).

In this case, the State of Alaska extinguished the right of action to sue for a personal injury if it was caused by construction which was substantially completed more than ten years before the event. Ms. Crawford circled the area where she fell. Ex. D. The USAF records do not contain any record of any revision to the curb that occurred after the project was complete in approximately 1987. Because the curb in question was designed and constructed more than ten years ago, Ms. Crawford does not have a cause of action for her personal injury based on any allegations of negligent design or construction of the curb and ramp.

## CONCLUSION

Independent contractors, not government employees, designed and constructed the curb where Ms. Crawford fell. Because private contractors are not federal employees for purposes of the FTCA, the United States retains sovereign immunity from torts actions predicated on theories of either negligent design or construction. Accordingly, the court should grant the United States' motion to dismiss Ms. Crawford's claims of negligent design for lack of subject matter jurisdiction.

In the alternative, the State of Alaska's statutue of repose eliminates a cause of action for all acts of negligent design and construction, ten years after substantial completion. The BX ramp, curb and parking lot were substantially completed in 1987.

The statute of repose is a substantive rule of law which bars her claims. The government asks that the court deny all claims based on negligent design or constriction of the curb.

Respectfully submitted, on December 1, 2005.

TIMOTHY M. BURGESS
United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney

I declare under penalty of perjury that a
true and correct copy of the foregoing
**UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT**
was sent to the following
via:

(X) U.S. Mail

Tim O. Cook
Cook and Associates
3901 Taiga Drive
Anchorage, AK 99516

Executed at Anchorage, Alaska, on December 1, 2005.

K Joy McCulloch
Office of the U.S. Attorney

12