RECEIVED

JAN 1 3 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

Tim Cook
3901 Taiga Drive
Anchorage, Alaska 99516
(907) 336-5291
(907) 336-5292 (fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| HAZEL CRAWFORD, | ) | |
| | ) | Case No. F03-0040CV(RRB) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION
### TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff asks the court to deny defendant's motion for partial summary

judgment.

### A. Introduction

1.     Hazel Crawford is plaintiff.   United States of America is defendant.

2.     On December 2, 2003, Plaintiff sued defendant under the Federal Tort

Claims Act (FTCA) for personal injuries sustained in a slip and fall on the

walkway outside the Eielson Air Force Base Exchange. The Complaint alleges

that employees and agents of the United State air force proximately caused

Plaintiff's fall and resulting injuries by negligently failing to use due care in

keeping the walkways in good and safe repair and order, by failing to provide

Crawford v. U.S.                                                        Page 1 of 12
Case No. F03-0040CV(RRB)
Plaintiff's Opposition to Defendant's Summary Judgment

caution or warning signs, and by violating appropriate standards and/or
regulations.

3.      On May 10, 2004, defendant filed an Answer denying the defendant's
liability for Plaintiff's injuries.

4.      On December 1, 2005, defendant filed a motion for partial summary
judgment as to the defendant's liability for any injuries that resulted from
negligent design or construction of the curb and walkway outside the Eielson BX.
In addition defendant argues that Alaska's statute of repose bars claims for design
defects and code violations.

5.      Summary judgment is improper in this case because there are genuine
issues of fact regarding 1) whether the existing design of the parking area, curb
and sidewalk are from the original construction project completed in 1987 or
whether the 354th Civil Engineering Squadron reconstructed or altered the design
subsequent to the original construction; 2) whether the defendant failed in its
duties to warn of hazards and to inspect and maintain walkways in a good and
safe condition. To the extent that negligent design and construction of the
walkway affects the defendant's duty to warn, inspect, and maintain in a good and
safe condition, the negligent design and construction is a genuine issue of material
fact in the instant controversy. In addition Alaska's statute of repose specifically
"does not apply to a claim resulting from an intentional or reckless disregard of
specific project design plans and specifications or building codes."

Crawford v. U.S.                                                    Page 2 of 12
Case No. F03-0040CV(RRB)
Plaintiff's Opposition to Defendant's Summary Judgment

## B.  Statement of Facts

6.      According to documentation produced by defendant, the Eielson Air

Force Base Exchange's parking lot and primary pedestrian access route

(comprised of sidewalks, ramps, landings, and stairs) were constructed by an

Alaska contractor.

7.      Since completion of the original construction in 1987, the United States

has had full possession and control of the parking lot and pedestrian route

connecting the lot with the entrance to the base exchange. [1] The 354th Civil

Engineering Squadron (354th CES), Pavements and Grounds Division is the

organization on Eielson AFB with general responsibility and oversight of

grounds, pavements, and sidewalks at the base exchange. [2] The facility manager

of the base exchange has primary responsibility for notifying 354th CES of any

complaints or need for repair maintenance at the facility. CES also has the duty to

conduct periodic inspections of base facilities with the facility manager. [3]

8.      Notwithstanding the fact that the "Facilities Manager's Handbook"

requires the manager to conduct inspections and file monthly inspection reports, it

appears that these monthly reports have not been performed. Further, defendant

has produced documentation of only two work requests filed by the base

exchange facility manager. [4] These reports, however, are instructive in that they

document that the "sidewalk and steps are <u>falling apart</u> in front of the Base

---

[1] Exhibit A- ANSWER to COMPLAINT, ¶ 5

[2] Exhibit B- Defendant's Response to Plaintiff's First Discovery, Interrogatory # 8 & # 9

[3] Exhibit B- Defendant's Response to Plaintiff's First Discovery, Interrogatory # 10

[4] Exhibit B- Defendant's Response to Plaintiff's First Discovery, Request for Production # 8

Crawford v. U.S.                                                        Page 3 of 12
Case No. F03-0040CV(RRB)
Plaintiff's Opposition to Defendant's Summary Judgment

Exchange. Concrete is falling apart. <u>It is dangerous to walk on this</u>, please set up

to divert traffic or fix it." [5] (emphasis added). It is also instructive that despite the

very serious nature of the defects reported in these 2002 repair requests, that no

repair was completed for almost three years. [6]

9.      The original construction appears to have been completed in 1987. A

comparison of the facility today with the "as built" drawing (produced by

defendant) indicates a number of discrepancies between the "as built" drawing

and current conditions.  It appears that modifications have occurred since the air

force took over the control and operation of the facilities from the private

construction contractors in 1987. Walkways along the parking area are not as

shown in the "as built", a ramp from the handicapped parking area to the sidewalk

that is indicated in the "as built" no longer exists; handicapped parking indicated

in the "as built" has been deleted (apparently the parking spots closest to the Base

Exchange that were originally intended for Handicapped parking have been

modified in favor of the base commander and wing commander, handicap parking

is now located across the street)[7]. There is evidence that posts that once supported

railings or signs at the head of the original handicapped spaces (in the area where

Plaintiff slipped and fell) have been removed. [8] The plaintiff has requested in

discovery that any studies, engineering reports, or other material that would

document or support this change be produced. No documentation supporting these

changes has been produced.

---

[5] Exhibit C- Base Civil Engineering Work Requests, dated 11 April 2002 & 3 June 2002
[6] Exhibit D- Defendant's Response to Plaintiff's Second Request for Discovery, Admission # 32
[7] Exhibit E- Report and Affidavit of Plaintiff's Expert Witness Jay Smith, Northern Mechanical
Engineering

Crawford v. U.S.                                                    Page 4 of  12
Case No. F03-0040CV(RRB)
Plaintiff's Opposition to Defendant's Summary Judgment

10.    The accident that caused the injuries to Hazel Crawford took place on

September 6, 2000. Upon completing her shopping at the Eielson Base Exchange,

Hazel Crawford walked down the handicapped ramp towards the parking lot. She

paused at the end of the ramp's railing to exchange greetings with another

shopper. As she began to step down from the curb of the landing to the level of

the parking lot, she felt her supporting foot give way as the edge of the sidewalk

crumbled beneath it, which caused her to lurch forward and fall onto the asphalt.

Rhonda Moore (the shopper Crawford had spoken with) saw the fall and rendered

immediate assistance. When Crawford was unable to stand up on her injured

ankle, Moore sought help from the employees at the base exchange. An

ambulance was called and transported Crawford to the base clinic.

11.    Rhonda Moore observed that the excessive height of the curb was a likely

cause of Crawford's accident. [9]

12.    Plaintiff's expert witness, Mr. Jay R. Smith, P.E. of Northern Mechanical

Engineering, Inc., inspection (attached hereto as exhibit E) confirmed an

excessively high drop off from the curb to the asphalt. ( The curb's drop-off

ranges from 9 ¼  to 10 ½ inches as compared to a normal curb height of 6 inches.)

In addition, Mr. Smith states that deterioration of the concrete curb and the failure

to provide the edge protection required on a landing under applicable federal

law[10] likely were contributing factors to the Plaintiff's injuries.

---

[8] Exhibit B- Defendant's Response to Plaintiff's First Request for Discovery, Admission # 13; and
Exhibit D- Defendant's Response to Plaintiff's Second Request for Discovery, Admission # 19
[9] Exhibit F- Rhonda Moore declaration
[10] Uniform Federal Accessibility Standards (UFAS) § 4.8.7 "Edge Protection"

Crawford v. U.S.                                                            Page 5 of 12
Case No. F03-0040CV(RRB)
Plaintiff's Opposition to Defendant's Summary Judgment

## C. Standard of Review

7.     Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant such a motion. Fed.R.Civ.56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

8.     A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact either by (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *Celoptex Corp.,* 477 U.S. 322-325, 106 S.Ct. at 2552-54; *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.* 76 F.3d 1245, 1251 (1st Cir. 1996). Defendant cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of her claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.,* 477 U.S. at 327, 106 S.Ct. at 2555. Only if defendant meets its burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed.R.Civ.P.56(e).

9.     In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the non-movant. *Hom v. Squire,* 81 F.3d 969, 973 (10th Cir. 1996).

### D. Argument

The Federal Tort Claims Act (FTCA) waives the government immunity from suits for negligence and makes the government generally liable in the same manner as individuals under state law.[11] Restatement of Torts section 343 imposes liability on a landowner that fails to maintain property in a safe condition. As Alaska has adopted it, it provides: "A landowner. . .must act as a reasonable person in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden on the respective parties of avoiding the risk."[12]

10.    It is clear that there have been modifications to the handicapped parking area and perhaps to the curbs and sidewalks since the original construction in 1987. The Defendant has produced no record of any independent contractor or designer for those modifications. As regards the modifications, since the defendant has not provided any evidence that the modifications were designed or constructed by independent contractors the exclusion the defendant relies, i.e. that contractors are not covered under the FTCA waiver is not apropos. Without documentation of what, when, why, or to which design specification was followed, the extent of the modifications to the parking area, sidewalks and curbs are a mystery. These are genuine issues of material fact and are not the appropriate subject for a motion for summary judgment. If the modifications were made by the 354th CES then those modifications are clearly within the purview of the FTCA.

---

[11] 28 U.S.C & 1346 (b)
[12] Chaffin v. U.S. 176 F.3 1208,1212-1213 (9th Cir. 1999)
Crawford v. U.S.
Case No. F03-0040CV(RRB)
Plaintiff's Opposition to Defendant's Summary Judgment

Defendant seeks to expand the Federal Tort Claim Act's limited exception for the acts of independent contractors into a broad shield barring "any claim that the curb was incorrectly designed or constructed." [13] However, the Ninth Circuit Court of Appeals has established that "the FTCA, as a remedial statute, should be construed liberally, and its exceptions should be read narrowly." [14]

While the defendant has been unwilling either to admit or deny whether the UFAS standards were required standards for the original construction, it is clear that subsequent modifications, such as occurred with the removal of handicapped parking spaces and related signage, required bringing the modified facility into compliance. [15] As Mr. Smith's report states, no edge protection exists on the landing where Hazel Crawford was injured and it is Mr. Smith's expert opinion that such protection could have prevented the accident. [16]

Not only the failure to incorporate required safety measures, but also the deteriorating condition of the pedestrian route and the excessive height of the curb contributed to a hazardous conditions. Defendant therefore had a clear duty to warn those exposed to the hazard. Photographs provided by the defendant show that no warning signs are posted in the area where Hazel Crawford was injured. [17]

---

[13] Defendant's Motion for Partial Summary Judgment, page 7

[14] *Whisnant v. U.S., 04-35340 (9th Cir. 2005)*

[15] This document sets standards for facility accessibility by physically handicapped persons for Federal and federally-funded facilities. These standards are to be applied during the design, construction, and alteration of buildings and facilities to the extent required by the Architectural Barriers Act of 1968, as amended.
(emphasis added) UFAS 49 FR 31528, § 1

[16] Exhibit E- Report and Affidavit of Plaintiff's Expert Witness Jay Smith, Northern Mechanical Engineering

[17] Defendant's Exhibit D, Defendant's Response to Plaintiff's Second Request for Discovery, Admission #

Crawford v. U.S.                                                    Page 8 of 12
Case No. F03-0040CV(RRB)
Plaintiff's Opposition to Defendant's Summary Judgment

Based on the forgoing facts and argument, it is clear that genuine issues of material fact exist as to the defendant's negligent failure to perform and document required inspections, negligent maintenance, noncompliance with required safety regulations, and breach of the duty to warn. The failure to construct the curb in compliance with standard height dimensions and to provide edge protection at the drop-off in compliance with safety requirements of the UFAS, means that the defendant's compliance with obligations to inspect, maintain, and warn users of the risks they face at this facility were especially critical if the safety of lawful users of the facility was to be protected.

In *Whisnant v. U.S.*[18] the Ninth Circuit Court of Appeals, citing a long line of cases, distinguishes between the actions that fall within the design and contractor exceptions under the FTCA from the government's own liabilities for breaches of duties to monitor, ensure safety, provide warnings, and maintain various public facilities.

The U.S. Supreme Court, in Indian Towing Co. v. United States, 350 U.S. 61 (1955), also has held that the government cannot escape liability for negligent maintenance of a public facility once the government exercises its discretion to build and operate the facility. [19]

That Ninth Circuit Court summarizes this discussion stating, "The decision to adopt safety precautions may be based in policy decisions, but the

---

[18] *Whisnant v. U.S.*, 04-35340 (9th Cir, 2005)

[19] "The Coast Guard need not undertake the lighthouse service. But once it exercised its discretion to operate a light..., it was obligated to use due care to make certain that the light was kept in good working order; and, if the light did become extinguished, then the Coast Guard was further obligated to use due care to discover this fact and to repair the light or give warning that it was not functioning. If the Coast Guard failed in its duty and damage was therefore caused to petitioners, the United States is liable under the Tort Claims Act."

Crawford v. U.S.                                                     Page 9 of 12
Case No. F03-0040CV(RRB)
Plaintiff's Opposition to Defendant's Summary Judgment

implementation of those precautions is not... [S]afety measures, once undertaken, cannot be shortchanged in the name of policy." (emphasis added) [20]

Here, whether the government chooses to adopt safety measures contained in the UFAS may well be a policy matter; however, once the measures are adopted, the government is liable for injuries proximately caused by the failure to implement such standards in public facilities.

Therefore Plaintiff requests that the court narrowly construe the independent contractor exception to bar only government liability for the negligent acts of the contractor(s) and not to bar claims for the government's own failures to inspect, maintain in a good and safe condition, and warn users of hazards at the Eielson base exchange.

**Claims Arising From Design Defect or Code Violations are NOT Barred by Statute of Repose.**

By its own terms, Alaska's stature of repose, AS 09.10.055, is inapplicable to claims arising "from an intentional or reckless disregard of specific project design and specifications or building code". [21] As stated above, Plaintiff's claims

---

[20] *Whisnant v. U.S.,* 04-35340 (9th. Cir. 2005)
[21] 09.10.055. Statute of repose of 10 years.
    (a) Notwithstanding the disability of minority described under AS 09.10.140(a), a person may not bring an action for personal injury, death, or property damage unless commenced within 10 years of the earlier of the date of
      (1) substantial completion of the construction alleged to have caused the personal injury, death, or property damage; however, the limitation of this paragraph does not apply to a claim resulting from an intentional or reckless disregard of specific project design plans and specifications or building codes:
    ....;
    or
      (2) the last act alleged to have caused the personal injury, death, or property damage. (emphasis added)

Crawford v. U.S.                                        Page 10 of 12
Case No. F03-0040CV(RRB)
Plaintiff's Opposition to Defendant's Summary Judgment

of negligent inspection, maintenance, and failure to warn arise, in part, from defendant's failure to comply with the government's own code for safe and accessible pedestrian access routes (Uniform Federal Accessibility Standards) and the standards for step height adopted in the region. [22] In addition the "last act" alleged to have caused the personal injury to the Plaintiff were ongoing failures to inspect, maintain and to warn that occurred up until the moment of the injury.

Therefore genuine issues of material fact exist that prevent defendant being granted summary judgment based upon Alaska's statute of repose.

### F.  Summary Judgment Evidence

13.     In support of its response, plaintiff includes the following evidence in the attached appendix:

    a.     Affidavits & Declarations.

    b.     Interrogatories & Requests for Admissions.

    d.     Other discovery.

### G.  Conclusion

14.     For these reasons, plaintiff asks the court to deny defendant's motion for partial summary judgment.

Respectfully submitted this          day of January, 2006.

Tim Cook, Alaska Bar 9007048

---

[22] Plaintiff's Exhibit B- Defendant's Response to Plaintiff's First request for Discovery, Admission #1 ; Exhibit E- Northern Mechanical Engineering Inspection Report

Crawford v. U.S.                                                                              Page 11 of 12
Case No. F03-0040CV(RRB)
Plaintiff's Opposition to Defendant's Summary Judgment

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below a true and correct copy of this and underlying Documents were sent
via *US MAIL*          to:

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567

Dated: _1 / 12 /_ 2006.                                    By: _____

## Exhibit List

| Exhibit A | ANSWER to COMPLAINT |
|-----------|---------------------|
| Exhibit B | Defendant's Response to Plaintiff's First Discovery |
| Exhibit C | Base Civil Engineering Work Requests<br>dated 11 April 2002 & 3 June 2002 |
| Exhibit D | Defendant's Response to Plaintiff's Second Request for Discovery |
| Exhibit E | Report and Affidavit of Plaintiff's Expert Witness<br>Jay Smith, Northern Mechanical Engineering |
| Exhibit F | Rhonda Moore declaration |

Crawford v. U.S.                                                        Page 12 of 12
Case No. F03-0040CV(RRB)
Plaintiff's Opposition to Defendant's Summary Judgment