RECEIVED

JAN 1 3 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE ALASK

TIMOTHY M. BURGESS
United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


HAZEL CRAWFORD,

                 Plaintiff,

     v.

UNITED STATES OF AMERICA

                 Defendant.

Case No.F03-0040CV(RRB)

**UNITED STATES' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR DISCOVERY**

     Pursuant to the Fed.R.Civ.P. 26, 33 and 34, the United States, through counsel, hereby responds to the plaintiff's First Discovery Requests as follows:


     **Request for Admission 1:** Please admit that the design, construction, and alterations to the ramps, their landings, and nearest parking spaces on the accessible route to the entrance of the Eielson Base Exchange is required to comply with the Uniform Federal Accessibility Standards (UFAS), 49 FR 31528, unless proper authorization is granted for a waiver or modification pursuant to the Architectural Barriers Act of 1968, as amended, 42 U.S.C. 4154.

     **Answer:**  Defendant United States objects to this Request for Admission on the basis that it is not relevant to the issues in this case nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff, who was not disabled, allegedly injured her

Exhibit B
Page 1 of 16

**SCANNED**

ankle while stepping off a curb. The United States further objects on the grounds that the applicable standards in effect at the time of the design of the Eielson Air Force Base ("AFB") parking area is a legal matter which has yet to be determined by the court or parties' expert.

Without waiving said objections, the United States admits the Rehabilitation Act of 1973 and Architectural Barriers Act of 1968, as implemented by the Department of Defense in DoD 4270.1-M, Department of Defense Construction Criteria Manual in effect at the time of design of the Eielson AFB's Base parking area, governed handicap accessibility standards on military installations.

Objection by: _Lindquist_____

**Interrogatory 1:** If admission 1 is denied, explain how and why UFAS do not apply to design, construction, and alterations on this route.

**Answer:** See United States' Answer to Request for Admission #1.

**Request for Production 1:** If admission 1 is denied, produce all standards that were applicable to design, construction and alteration of federally funded accessible routes at Eielson AFB exchange in the two decades immediately prior to September 6, 2000.

**Answer:** The United States objects to this Request for Production on the basis that it is not relevant to the issues in this case, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections, refer to the United States' Answer to Request for Admission #1 for the Department of Defense manual containing the criteria applicable to handicap accessibility at the Eielson AFB Exchange at the time of construction.


Exhibit B
Page 2 of 16

The United States identifies, in addition to those standards already referenced in response to Plaintiff's other Interrogatories and Requests for Production herein, the following handicap accessibility standards that were adopted by the Department of Defense over the past two decades. These items are available to the public-at-large through the following websites http://www.access-board.gov/ and http://www.afcee.brooks.af.mil/dc/dcd/afada/afada.asp:

a.   Uniform Federal Accessibility Standards (UFAS)(49 FR 31528)
b.   Americans with Disabilities Act Accessibility Guidelines (ADAAG)
c.   Deputy Assistant Secretary of Defense Letter, June 29, 1987 and DoD 4270.1-M,
d.   Secretary of Defense Letter of 20 Oct 93 – DoD Voluntary Compliance with ADAAG
e.   HQ USAF/CE (IL) Letter of November 7, 1994 – Compliance with ADAAG and UFAS for Projects in FY96 and beyond
f.   HQ USAF/CE (IL) Letter of July 1, 1996 – Military Exclusion.

When a copy of the 1983 revised DoD manual is located and copied or any other relevant standards are identified, the United States will supplement this response accordingly.

Objection by: _____

**Request for Admission 2:** Please admit that no application to modify or waive any UFAS standard for construction of ramps, sidewalks, curbing, and/or parking areas at the Eielson base exchange has been made to the Secretary of Defense pursuant to the Architectural Barriers Act, 42 U.S.C. 4156.

**Answer:** The United States objects to this Request for Admission on the basis that it is not relevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible.

Without waiving these objections, the United States is presently unaware of any waiver granted under the Architectural Barriers Act for the ramps, sidewalks, curbing and parking areas at Eielson AFB

Exhibit B
Page 3 of 16

Exchange, and therefore admits the request.

If the United States becomes aware of any application or waiver in relation to the ramps, sidewalks, curbing, and/or parking areas at Eielson's AFB Exchange, it will supplement its answer accordingly.

Objection by: _Lindquist_

**Request for Production 2:** If admission 2 is denied, produce a copy of each such application, all documentation supporting such application, and any waiver or modification authorization granted pursuant to such application.

**Answer:** N/A. See Answer to Request for Admission #2.

**Request for Admission 3:** Please admit that the UFAS's section 4.14(2) "military exclusion", for "facilities which are intended for use or occupancy by able-bodied military personnel only", does NOT apply to the ramps, their landings, and the rest of the accessible route at the Eielson AFB exchange where Hazel Crawford's September 6, 2000 accident occurred.

**Answer:** The United States objects to this Request for Admission on the basis that it is not relevant to the issues presented in this case nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects on the grounds that the applicable standards to in effect at the time of the design of the parking area at the Eielson AFB Exchange is a legal matter which has yet to be determined by the court or parties.

Without waiving said objections, the United States has insufficient information at this time to either admit or deny that section 4.14(2) of UFAS, or a similar standard, was applicable to the design of the parking area at the Eielson AFB Exchange, including ramps and their landings. However, the United States does admit that

if this standard were applicable, the ramps and landings at the Base Exchange would not fall under the "military exclusion."

Objection by: *[signature: Lindquist]*

**Interrogatory 2:** If admission 3 is denied, explain how the access route to the base exchange is limited to use by able-bodied military personnel only, and explain why the Grading Plan & Site Detail Drawing, Bates # EIEL 0000589, denotes handicapped parking for the base exchange.

**Answer:** N/A. See Request for Admission #3.

**Request for Admission 4:** Please admit that the reserved parking for the Colonel and Wing C/C spaces were originally handicapped parking, as shown on the Grading and Site Plan Details Drawing, Bates # EIEL 0000589.

**Answer:** The United States objects to this request on the basis that it is not relevant to the issues presented in this case nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections, the United States admits the reserved parking spaces were originally designated as handicapped parking.

Objection by: *[signature: Lindquist]*

**Request for Admission 5:** Please admit that there was no engineering studies, analysis, or any other evaluation performed to support the deletion of the handicapped parking, as shown on why the Grading and Site Plan Details Drawing, Bates # EIEL 0000589, and replacing the handicapped parking with reserved parking for the Colonel and Wing C/C.

5

**Answer:**  The United States objects to this Request for Admission on the basis that it is not relevant to the issues presented in this case nor reasonably calculated to lead to the discovery of admissible evidence because the location of handicap parking is not pertinent to the injury Plaintiff allegedly sustained.

Without waiving these objections, the United States denies the allegation that handicapped parking was ever "deleted" by Eielson AFB.  Handicapped parking spaces were merely re-designated in the parking lot subsequent to the completion of construction.  The United States further denies Eielson AFB Base made this change to parking without any form of review or evaluation.

Objection by: _Lundguist_

**Request for Admission 6:**  Please admit that the two parking space located between the curb ramp and the entrance ramp and which are reserved for Colonel and Wing C/C by signage located at the heads of the spaces ARE the parking spaces located closest to the nearest accessible entrance on an accessible route into the base exchange.

**Answer:**  The United States objects to this Request for Admission on the basis that it is not relevant to any of the issues presented in this case nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving this objection, the United States admits that the parking spots reserved for Colonel and Wing C/C are physically closest to the bottom of the handicap ramp.  The United States denies all other allegations.

Objection: _Lundguist_

6

Exhibit B
Page 6 of 16

Interrogatory 3:   If admission 5 [sic - 6] is denied, explain where parking spaces are located that are nearer to the accessible route to the base exchange.

Answer:  The spaces marked for Colonel and Wing C/C are in a location with a slope, and therefore, may not be part of an accessible route.  The current designated spaces, just across the street from the spaces marked for Colonel and Wing C/C, are more appropriate for an accessible route.

Request for Admission 7:  Please admit that the landing at the base of the ramp leading into the base exchange entrance has a drop-off ranging from approximately 9 ¼ inches to 9 ½ inches to the pavement of the reserved parking spaces.

Answer: Admitted

Interrogatory 4:   If admission 6 is denied, what is the measurement for the drop off from the landing to the pavement?

Answer:  See United States' Answer to Request for Admission #7.

Request for Admission: 8.  Please admit that there is NO edge protection on the drop off-side of the landing at the bottom of the entrance ramp as required at UFAS Section 4.87.

Answer:  The United States objects to this Request for Admission on the basis that it is not relevant to the issues in this case nor reasonably calculated to lead to the discovery of admissible evidence.  The United States further objects on the grounds that the applicable standards in effect at the time of the design of the parking area at the Eielson AFB Exchange are a legal matter that has not yet been determined by the court or the parties.

Without waiving said objections, the United States has insufficient information at this time to either admit or deny that section 4.87 of UFAS, or a similar standard, was applicable to the

Exhibit  B
Page  7  of  16

design of the ramp at the Eielson AFB Exchange. The United States also has insufficient information at this time to either admit or deny that the edge protection on the ramp, designed to prevent wheelchairs and disabled individuals from falling off the slope of the ramp, meets the particular standard cited by Plaintiff.

When the United States receives sufficient information concerning the applicable standard governing the ramp at the time of its design/construction and necessary expert review, this response will be supplemented accordingly.

Objection: _Lindquist_

Interrogatory: 5. If admission 7 is denied, explain what edge protection is provided.

Answer: See United States' Answer to Request for Admission #8.

Request for Admission: 9. Please admit that unauthorized failure to comply with UFAS guidelines in the design, construction, and alteration of ramps, landings and the required edge protection for ramps and landing is negligence per se.

Answer: The United States objects to this Request for Admission on the basis that it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The United States further objects on the grounds that this request involves an ultimate legal issue that has not been determined by the court or parties.

Without waiving these objections, the United States denies.

Objection: _Lindquist_

Exhibit B
Page 8 of 16

Interrogatory: 6.    If admission 8 is denied, explain how unauthorized failure to comply with UFAS guidelines in the design, construction, and alteration of ramps, landings, and edge protection at the Eielson Base Exchange is not negligence per se.

Answer:    See United States' Answer to Request for Admission #9. Moreover, it is a legal issue about whether Ms. Crawford can assert that the handicap accessibility standards create a duty that runs to her.    At this point, the government has found one case which concluded that non-disabled parties do not have standing to assert negligence per se on the basis of handicap accessibility standards. See W.G. Nichols, Inc. v. Ferguson, 2004 U.S. Dist. LEXIS 7331 (D. Pa. 2004).

Request for Admission: 10. Please admit that the sidewalk curb where Hazel Crawford fell on September 6, 2000 exceeds the standard height of sidewalk curbs.

Answer:    The United States has insufficient information at this time to either admit or deny what construction codes and standards were in effect at the time of design and construction of the sidewalk curb or whether a relevant standard existed for the height of sidewalk curbs.    Currently, the government has found no 1985 codes adopted in Alaska in 1985 which mandated a particular curb height, and therefore, the government denies this request.

The United States will supplement this response accordingly when it receives further information regarding the applicable codes and any necessary expert reviews.

Interrogatory: 7. If Admission No. 9 is denied, explain what standard for curbage was used, and how the sidewalk, where Hazel Crawford fell on September 6, 2000, fits within that standard?

Answer:    See United States' Response to Request for Admission #10.


Exhibit B
Page 9 of 16

Request for Production: 3. Please produce all regulations, guidelines or other documents that govern or guide the construction of sidewalks and curbage at Eielson AFB.

Answer:  The United States objects to this Request for Production on the basis that it is vague, overly broad, and unduly burdensome.  Without waiving said objections, see United States' Response to Request for Admission # 10.  The government has found no codes adopted in 1985 which apply to sidewalks and curbs.

Objection: _Lundquist_____

Interrogatory: 8. What oversight or supervision of sidewalk maintenance is made and by whom?

Answer:  United States objects to this Interrogatory on the basis that it is vague and overly broad.

Without waiving said objections, the 354th Civil Engineering Squadron (354th CES), Pavements and Grounds Division, is the organization on Eielson AFB with general responsibility and oversight of repair of grounds, pavements, and sidewalks.  354th CES performs some minor repairs and maintenance but will usually contract out substantial repair work.  Whenever 354th CES receives a request for repair or maintenance from facility managers on the installation, a work order is generated.  The work order is reviewed, validated by 354th CES, and tracked through completion.

Objection: _Lundquist_____

Interrogatory: 9. Who was responsible for maintenance of sidewalks at Eielson Air Force Base in 2000?

Answer:  See United States' Answer to Interrogatory #8.

Exhibit B
Page 10 of 16

Interrogatory: **10.** What guidelines are followed for maintenance of sidewalks at Eielson?

Answer:  The United States objects to this Interrogatory on the basis that it is vague and overly broad.

Without waiving said objections, facility managers are appointed on base and they have primary responsibility for notifying 354 CES of any complaints or need for repair/maintenance at their facility.  CES responds to requests by generating a work order.  The work order is validated, assigned a priority, and tracked through its completion.  CES also conducts periodic inspections of base facilities with the facility managers.  See Facility Managers Handbook; Facility Manager Training slides, produced by e-mail

Objection by: _____

Request for Production: **4.**  Please produce all records of sidewalk maintenance for the years from 2000 to 2003.

Answer:  The United States objects to this Request for Production on the basis that it is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections, the 354th CES has attached records of work orders for repair/maintenance of sidewalks located at the Eielson AFB Exchange during the responsive period.  None of these work orders reflect any work orders opened for the location of Plaintiff's alleged injury.

Should the United States discover any additional records pertaining to maintenance of the curb, ramp, sidewalk at the Base Exchange, it will supplement this response accordingly.

Objection: _____

11

Exhibit B
Page 11 of 16

Request for Admission: 11. Please admit that on September 6, 2000, portions of the sidewalk curb edge between the base exchange entrance ramp and the curb ramp were chipped, cracked, uneven, and/or crumbling?

Answer: The United States denies any characterization by the Plaintiff that the curb was in a state of disrepair. See United States' Answer to Interrogatory #11.

Interrogatory: 11. If Admission 10 is denied, please describe in detail the condition of the sidewalk and curb were, between the base exchange entrance and the curb ramp on September 6, 2000?

Answer: In response to this Interrogatory, the United States has produced several copies of photographs reflecting the condition of the curb, which has undergone no alteration or repair since the accident date. These photos were taken a year to four years after the alleged accident and reflect the curb's condition. Ms. Crawford also made a video tape of the curb. This visual depictions present the most accurate report on the curb's condition. See USAF 1-6 (produced previously); and USAF 583-88 (produced now).

Request for Admission: 12: Please admit that on September 6, 2000, some portion of the sidewalk between the base exchange entrance ramp and the curb ramp was broken by one of more cracks.

Answer: The United States objects to this Request for Production on the basis that it is overly broad, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections, The United States denies any characterization by the Plaintiff that the curb was in a state of disrepair. See United States' Answers to Request for Admission #11 and Interrogatory #11.

Objection: _____

12

Exhibit B
Page 12 of 16

Request for Production: 5.   Please produce all exhibits, evidence or any thing you intend to or plan or anticipate that you may show to the Court or Judge or any witness at any trial or hearing in this case in support of or in explanation of any allegation of your answer and any defense you may assert.

Answer:   The United States objects to this Request for Production as overly broad, vague, and unduly burdensome.  Without waiving these objections the United States may produce any of the documents, photographs, or tangible evidence previously produced by the United States or being produced in response to Plaintiff's Requests for Production, Admission and Interrogatories, including but not limited to photographs of the curb; construction drawings, plans or contracts; medical records and correspondences concerning Plaintiff's alleged injury, treatment, and costs; business records reflecting the lack of work orders/complaints at the site of the alleged injury; any other relevant evidence tending to support the United States previously asserted defenses.

The United States produced The Facility Managers Handbook and the Facility Training slides by e-mail.  It is producing two work orders USAF 591-92 and photographs recently taken which show measurements of the curb in the area where Mrs. Crawford indicated that she fell.

Objection: _____

Request for Production:  6.   Please produce all engineering or other drawings for design, construction, and alterations of the two concrete ramps, their landings, connecting sidewalk, and adjacent curbs at entrance to Eielson Base Exchange. This request includes all such drawings and supporting documents produced as part of any requests for proposals (RFPs), contractor drawings submitted as part of the preconstruction planning, and the government's review and



modifications of all contractor submitted plans and drawings, and
"as built" or surveys of completed construction and alterations.

Answer: The United States objects to this Request for
Production on the basis that it is vague, overly broad, and unduly
burdensome.

Without waiving these objections, the United States has already
produced copies of the Grading and Site Plan Details Drawing and
these appear to be the only drawings on file with 354 CES pertaining
to the design and construction of ramps, landings, sidewalks to the
Eielson Base Exchange. See Document # EIEL 538

The United States is continuing its search for records relating
to the contract, construction, and design of the project at Eielson
AFB Exchange and will supplement its answer to this Production
Request accordingly.

Objection: _____

Request for Production:    7.   Please produce all engineering
drawings for design, construction, and alterations to the pavement
of parking lot including those spaces now reserved for Colonel and
Wing C/C (these spaces are identified as handicapped spaces on at
the Grading and Site Plan Details Drawing, Bates # EIEL 0000589) at
the entrance to Eielson Base Exchange. This request includes all
such drawings and supporting documents produced as part of any
requests for proposals (RFPs), contractor drawings submitted as part
of the preconstruction planning, and the government's review and
modifications of all contractor submitted plans and drawings. In
addition, we request any "as built" or surveys of completed
construction and alterations. Also, please identify the drawing that
reflects the site at the time Hazel Crawford was injured.

Answer:   See United States' Answer to Request for Production #6.



14

Request for **Production: 8.** Please produce all records of inspections and maintenance conducted on the accessible route at the entrance of the Eielson base exchange since 1985. The accessible route includes the nearest parking spaces, ramps, landings, and connecting walkways.

Answer:  The United States objects to this Request for Production on the basis that it is vague, overly broad, and unduly burdensome.

Without waiving these objections, the United States found two work orders which it is producing.  <u>See</u> USAF 591-92.  It is continuing to search for documentation of periodic inspections conducted at the Eielson AFB Exchange by 354 CES and facility manager and will forward any documents that are responsive to this request.

Objection: _____

Request for **Admission: 13.** Please admit that the Grading and Site Plan Details Drawing, Bates # EIEL 0000589, does not accurately depict the parking, curbage, sidewalks, ramps, and other details.

Answer:  The United States objects to this Request for Admission on the basis that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections, the United States denies the Grading and Site Plan Details Drawing is inaccurate.  This plan accurately reflects the location of handicapped parking at the time original construction was completed twenty years ago. The handicapped parking spaces were merely re-designated at a later date when construction was finished and therefore these changes are not reflected in the 1984 Grading and Site Plan Details Drawing.



Exhibit B
Page 15 of 16

15

Objection: *Lindquist*

**Interrogatory: 12:** If Admission 12 is admitted, please explain why the Grading and Site Plan Details Drawing, Bates # EIEL 0000589 is not accurate.

**Answer:** See Answer to Request for Admission #13.

**Interrogatory: 13.** If Admission 12 is denied please explain why the Grading and Site Plan Details Drawing, Bates # EIEL 0000589, depicts handicapped parking, a handicapped ramp running between the handicapped parking spaces to the sidewalk, wheel stops in the handicapped spaces, and other non-existent details in the area that is now are reserved for Colonel and Wing C/C.

**Answer:** See Answer to Request for Admission #13.

Respectfully submitted, on June 17, 2005.

TIMOTHY M. BURGESS
United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney

I declare under penalty of perjury that a
true and correct copy of the foregoing
UNITED STATES' RESPONSE TO PLAINTIFF'S
FIRST REQUEST FOR DISCOVERY was sent to
the following via:

    (X) U.S. Mail

Tim O. Cook
Cook & Associates
3901 Taiga Drive
Anchorage, AK 99516

Executed at Anchorage, Alaska, on June 17, 2005.

Office of the U.S. Attorney

16

Exhibit B
Page 16 of 16