TIMOTHY M. BURGESS
United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No. F03-0040CV(RRB)<br><br>**UNITED STATES' RESPONSE TO CRAWFORD'S SECOND DISCOVERY REQUEST** |

### REQUESTS FOR ADMISSION

**15th Request For Admission**    Please admit that on one or more occasions since May 8, 1985, an addition to the Base Exchange has been constructed.

**Answer:** Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Object to the form of the question. The word "addition" is not defined. The government will interpret it to mean additional square feet added to the BX in this request and all subsequent requests. Without waiving the objection, deny.

**16th Request For Admission**     Please admit that all additions to the Base Exchange, constructed after May 8, 1985, have their own separate accessible entrance and access.

**Answer:  Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.**

**17th Request For Admission**     Please admit that some additions to the Base Exchange, constructed after May 8, 1985, do NOT have their own separate accessible entrance and access

**Answer:  Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.**

**18th Request For Admission**     Please admit that the sidewalk, ramps, landings, and/or curb in front of the Base Exchange were constructed after May 8, 1985.

**Answer:  Deny.  In 2005, the USAF replaced the main stairs to the BX. This was not in the area of Ms. Crawford's fall. The USAF considers this a replacement or repair action and not a construction action.**

**19th Request For Admission**     Please admit that the sidewalk, ramps, landings, and/or curb in front of the Base Exchange have been altered after May 8, 1985.

**Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence.  The word "altered" " is not defined and the word may have legal significance in some building codes.  Without waiving the objection, admit that two signs were removed. Admit that in 2005, the USAF replaced the main stairs to the BX. This was not in the**

area of Ms. Crawford's fall.

**20th Request For Admission**     Please admit that the sidewalk and landing, or curb in front of the Base Exchange were altered when handicapped parking signage was changed by cutting or otherwise removing the sign posts that had previously been located at the head of the original handicapped parking spaces.

**Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Object that the word "alteration" is not defined and the word may have legal significance in some building codes. Without waiving the objection to the use of the word altered, admit that the parking spot designations were changed by removing the sign posts. Deny all remaining allegations of this request.**

**21st Request For Admission**     Please admit that waivers to the UFAS is can only be granted by the Assistant Secretary of Defense for Force Management Policy.

**Answer: Objection. Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Irrelevant. This case does not involve the UFAS or any issue dealing with a waiver. Moreover, this is a question of law that requires interpretation of a regulation or statute and it does not require an answer. Without waiving this objection, admit that waivers to the UFAS must be obtained from the proper authority.**

**22nd Request For Admission.**     Please admit that U.S. Airforce bases, MAJCOMs, nor base staff, cannot grant themselves a waiver of any provision of UFAS.

**Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. This is a question of law that does not require an answer. Without waiving this objection, admit.**

23rd **Request For Admission.** Please admit that a written determination, analysis, or evaluation was made regarding whether the spaces now marked for Colonel and Wing C/C "are in a location with a slope, and therefore, may not be part of an accessible route." **Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Object to the use of the word "accessibility route" as it is not defined. Without waiving the objection, admit that no written record exists now, but the Defendant can neither admit nor deny that one was ever written in the past fifteen years.**

24th **Request For Admission** Please admit that a written determination, analysis, or evaluation was NOT made regarding whether the spaces now marked for Colonel and Wing C/C "are in a location with a slope, and therefore, may not be part of an accessible route." **Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Same answer as made to the 23rd Request for Admission.**

25th **Request For Admission** Please admit that "re-designation" of the handicapped parking spaces constitutes an alteration to the accessible route at the Base Exchange. **Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. The terms "accessible route" and "alteration" are not defined and they have legal significance in some codes and require a legal or expert interpretation. Without waiving the objection, admit that there was a minor change in the location of the handicapped parking spots. The change was not made in the area where Ms. Crawford fell.**

26th **Request For Admission** Please admit that there were engineering



studies, analysis, or other evaluation performed to support the "re-designation" of the handicapped parking from the location shown on the Grading and Site Plan Details Drawing, Bates # EIEL 0000589, to another location.

**Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, the USAF can neither admit nor deny that an engineer studied, analyzed or evaluated the change of handicap parking spots because it happened many years ago and the USAF has not found any documents on this change.**

**27th Request For Admission.** Please admit that there were NO engineering studies, analysis, or other evaluation performed to support the "re-designation" of the handicapped parking from the location shown on the Grading and Site Plan Details Drawing, Bates # EIEL 0000589, to another location.

Answer: Same as answer to 26th Request for Admission.

**28th Request For Admission** Please admit that there were NO engineering studies, analysis, or other evaluation performed to support the "re-designation" of the handicapped parking from the location shown on the Grading and Site Plan Details Drawing, Bates # EIEL 0000589, to reserved parking for the Colonel and Wing C/C.

Answer: Same as answer to 26th Request for admission.

**29th Request For Admission** Please admit that the handicap parking spaces that were previously located as shown on the Grading and Site Plan Details Drawing, Bates # EIEL 0000589 were relocated across the street from the Base Exchange.

**Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Objection vague as to "relocated across the street from the base exchange." Without waiving this objection, deny that they were related across the street. Admit that they were relocated very close to the end of the handicap**


Exhibit D
Page 5 of 15

ramp.

**30th Request For Admission**    Please admit that alteration of the handicapped parking spaces and accessible route at the Base Exchange required that those facilities be brought into compliance with the then existing requirements for construction of handicapped parking and an accessible route.

**Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.**

**31st Request For Admission**    Please admit that the Inspection Report Eielson 02-233, Bates # USAF 000000159 states that "This particular curb is the front of the Colonel and Wing Commander parking slots. It is higher than a normal curb..."

**Answer:   Defendant United States of America objects to Plaintiff's partial listing of the sentence on the basis that it is misleading  This statement is incomplete and taken out of context. The entire sentence reads: "It is higher than a normal curb because it is on the side of the handicap access ramp." Without waiving the objection, admit.**

**32nd Request For Admission**    Please admit that the steps and sidewalk in front of the Base Exchange, as referred to in the two 'Work Requests', previously produced as USAF 000592 and USAF 000591, have not been repaired.

**Answer:   Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence.**

As previously stated in Defendant's Answer to Plaintiff's Request for Production #4,

these work orders do not relate to the location where the Plaintiff alleges her injury occurred.

Without waiving said objection and subject to it, the U.S. denies that the work order referenced in USAF 000591 and 000592 is open. The records from the 354th Civil Engineering Squadron (CES) reflect Work Order #21277 opened for repair of the sidewalk and steps in front of the BX was closed out in March 2005.

**33rd Request For Admission**    Please admit that the two 'Work Requests' previously produced as USAF 000591 and 000592 are the only Work Requests made by AAFES or any other organization for the Base Exchange accessible route since 1999.
Answer: Defendant United States of America objects to this Request for Admission for vagueness based on Plaintiff's failure to more specifically define the term "accessible route" for purposes of Defendant's response.

Without waiving said objection and subject to it, Defendant United States has identified and attached five (5) work orders on file with 354th CES relating to repair or maintenance at the BX between 1999 and present, including Work Orders #21277, #G4033, #G5369, #G8459, and #22910. For further information concerning the nature and status of these work orders, please refer to Defendant United States' Answer to Request for Production # 13.

**34th Request For Admission**    Pease admit that Hazel Crawford had a preexisting condition that potentially affected her mobility.
Answer: Defendant United States of America is unaware of any preexisting condition or disability affecting Plaintiff's mobility.

**35th Request For Admission**    Please admit that Hazel Crawford did NOT have a preexisting condition that potentially affected her mobility.
Answer: Same answer as Defendant's Answer to 34th Request for Admission.

**36th Request For Admission**     Please admit that each document provided with the Rule 26 disclosure or produced in answering discovery requests are authentic and complete copies of originals, and were prepared as records of regularly conducted business activity, sufficient to meet the requirements of Rules 803(6), 901, and 1003 or 1004 of the Federal Rules of Evidence.

**Answer: Admitted as to Evidence Rules 901, 1003 or 1004 as to all records produced as copies. Admit as to Rule 803(6) as to records of maintenance and construction at the Base Exchange at Eielson Air Force Base generated by 354 CES and records of work orders requested in the normal course of business by the facility manager at the Base Exchange, as well as the incident report prepared by the Base Exchange in connection with Plaintiff's alleged injury on September 6, 2000. Admit as to photographs produced. Deny as to witness statements. Deny as to all other category of records. The government produced over 600 pieces of paper and does not waive 803(6) objections to the category of documents that fall out of the categories listed above.**



## INTERROGATORIES

**Interrogatory: 14.** For any addition(s) to the Base Exchange constructed after May 8, 1985, please explain when it was constructed, and what the addition was, and where each addition's separate accessible entrance is located.

**Answer:** Defendant United States of America objects to Plaintiff's Interrogatory on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Objection: there is no definition of what "addition" means. If addition means additional square feet added to the existing building, there were no additional square feet of space constructed at the BX after May 8, 1985.

Objection: _____

**Interrogatory: 15.** Please provide the names and current contact information and time that each served for each Base Exchange Facility Manager or Base Exchange Facility Assistant Manager from 1995 until the present.

**Answer:** Defendant United States of America objects to Plaintiff's Interrogatory on the basis that it is overbroad and unduly burdensome. Without waiving said objection and subject to it, Defendant United States has been able to identify the following information on past facility managers between approximately 1997 through present:

1. Denice Langley
   Eielson Air Force Base Exchange
   Eielson Air Force Base, Alaska  99702

   Facility Manager from 2002 to present.

2. Debra Jantek
   Fort Hood Base Exchange
   Warrior Way
   Building 8730
   Ft Hood, Texas 76544



       Facility Manager from 1999-2001

3.  Mr. Moore
    Lackland Base Exchange
    Bldg 1385
    Lackland AFB, Texas

    Facility Manager from 1997-1999

**If and when Defendant United States discovers any additional information responsive to Plaintiff's Interrogatory, it will supplement this response accordingly.**

Objection: _____

**Interrogatory: 16.**

If admission 36 is denied, identify with particularity, including Bates numbers, each document that is not correct, and/or that is not authentic, and explain the reasons why they are not correct, or not authentic, and the reasons for production of an incorrect and/or an inauthentic document.
**Answer:** Defendant United States of America objects to Plaintiff's Interrogatory on the basis that it is overbroad and unduly burdensome. This request is overly burdensome because the government produced over 600 pages of information. Many of the documents will not be used at trial. If you select the documents you intend to present at trial, counsel will assert specific objections if they apply. The witness statements are not business document and may not legally be admissible as such. The government makes no objections at to the authenticity of the documents produced.

Object: _____

10



Exhibit D
Page 10 of 15

# REQUESTS FOR PRODUCTION

**Request for Production: 9.** Please produce any and all documentation that a decision to alter and move handicapped parking spaces in front of the Base Exchange was made and implemented based on a determination that the spaces now marked for Colonel and Wing C/C "are in a location with a slope, and therefore, may not be part of an accessible route."

**Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Object to the use of the terms "alter" and "accessible route." The government admits that the parking spaces were designated elsewhere. See 25th Request for Admission.**

**Request for Production: 10.** Please produce all documents, including but not limited to all drawings and supporting documents produced as part of any requests for proposals (RFPs), contractor drawings submitted as part of the preconstruction planning, and the government's review and modifications of all contractor submitted plans and drawings, and "as built" or surveys of completed construction and alterations relating to each alteration of the curb, steps, ramp, and landing in front of Base Exchange.

**Answer: Defendant United States of America objects to Plaintiff's Request for Production, as it relates to the front steps of the BX, on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. See 19th Request for Admission. The replacement was done in 2005, almost three years after Ms. Crawford's fall, in an entirely different access to the BX and this stair replacement is entirely irrelevant to any issue in this case.**

**Request for Production: 11.** In Answer to Request for Admission 5 of Plaintiff's First request for Discovery, Defendant denied that the change of handicapped parking in front of the Base Exchange was "without any form of review or evaluation". Therefore, please produce copies of the review and/or evaluation which were performed to support the "re-

11



Exhibit D
11 of 15

designated" handicapped parking at the Base Exchange.

**Answer:** Defendant United States of America objects to Plaintiff's Request for Production on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection the government states that the USAF could not find any documents responsive to this request. See 23rd Request for Admission.

**Request for Production: 12.** Please produce copies of any documentation of each monthly inspection or periodic inspection of the sidewalk, ramps, stairs, landings, and/or the accessible way in front of the base exchange conducted by the facility manager, assistant facility manager, 384th CES or any other party from 1995 to the present date.

**Answer:** Defendant United States of America objects to Plaintiff's Request for Production on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections and subject to them, Defendant United States has attached a copy of Air Force Form 1219, BCE Multi-Craft Job Order, dated May 13, 2002, reflecting the maintenance work fixed during an interior facility inspection in 2002. An AF Form 1219 is the only record completed by 354th CES during facility inspections and these forms are only required when repairs/maintenance are needed. Defendant United States has found no other AF Forms 1219 for the relevant time frame. The Base Exchange does not maintain written records of periodic facility inspections. The work orders identified in Defendant's Answers to Plaintiff's Production Requests relate to repairs and maintenance identified by the Base Exchange facility managers during periodic facility inspections.

Defendant United States of America has not identified written records of facility inspections conducted by parities other than CES or the Base Exchange during the relevant time frame.

**Request for Production: 13.** Please produce copies of all customer complaint form,

12

Exhibit ___D___
Page _12_ of _15_

work requests, work orders, work order logs, work order validations, priority assignments and tracking documents from or to Base Exchange Facility Manager, Base Exchange Facility Assistant Manager, AAFES, CES or any other organization since 1999 having to do with the parking, sidewalks, ramps, stairs, and any other component of the Base Exchange accessible route, excepting those two 'Base Civil Engineer work Requests' previously produced as USAF 000592 and USAF 000591.

**Answer: Defendant United States of America objects to Plaintiff's Request for Production on the basis that it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Without waiving said objections and subject to them, Defendant United States has identified no customer complaints or records relating to the condition of the exterior of the BX during the relevant time frame. With regard to work orders for the BX, the Defendant United States has located and attached the following records:**

**1) Computerized record of Civil Engineering Work Order #21277, dated April 11, 2002, for repair of the steps and sidewalk in front of the BX**

**2) Computerized record of Civil Engineering Work Order # G4033, dated December 29, 2004, for repair of stair tread on employee stairs in rear of BX**

**3) Computerized record of Civil Engineering Work Order #G5369, dated March 10, 2005, for repair of sign knocked in Colonel's parking spot**

**4) Computerized record of Civil Engineering Work Order #G8459, dated August 18, 2005, for repair of main entrance door**

**5) Computerized record of Civil Engineering Work Order # 22910, dated June 27, 2005, for repair of BX steps**

**6) Computerized report of all Civil Engineering work orders reflecting a total of five (5) work orders for BX (for all contract and in-house work)**

**7) AF Form 332, Base Civil Engineer Work Request Form for Work Order #21277, dated April 11, 2002 and closed March 2005**

Defendant United States of America is not aware of the existence of any other records relating to maintenance at the Base Exchange during the relevant time frame except for


Exhibit D
Page 13 of 15

**identified above and in its Answer to Plaintiff's Production Request # 12.**

**Request for Production: 14.** If Admission 22 is denied, please produce all documents relating to those repairs.

**Answer: Defendant United States of America objects to Plaintiff's Request for Production on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. See 22nd Request for Admission, which the government could neither admit nor deny.**

**Request for Production: 15.** Please produce all records regarding any complaints from a facility manager or any other person regarding the condition of, or accidents relating to, the curb and steps referred to in the two 'Work Requests", previously produced as USAF 000591 and 000592.

**Answer: Defendant United States of America objects to this Request for Production on the basis that it is vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. The two "Work Requests" previously produced by Defendant United States as USAF 000591 and 000592 do not relate to the location where Plaintiff alleges she suffered an injury.**

**Without waiving said objections and subject to them, Defendant United States has located no complaint records or records pertaining to any accidents relating to the steps referenced in USAF 000591 and 000592.**

**Request for Production: 16.** Please produce any and all documentation, including but not limited to phone memorandum, reports, or interviews, that supports government's answer to Plaintiff's Request for Production Number 4 that "None of these work orders reflect any work orders opened for the locations of Plaintiff's alleged injury."

**Answer: Defendant United States has produced a copy of the affidavit signed by the Base**

Exchange Facility Manager, Ms. Denice Langley, who personally submitted the Work Requests referenced in USAF 000591 and 000592, which reflect that the repairs were not in the same location where Plaintiff alleges she suffered an injury.

**Request for Production: 17.** Please produce any and all accounting of liens that the United States plans to or may assert against any recovery Hazel Crawford receives as a result of this action based on the medical treatments and services that Crawford has received from the Veterans Administration.

**Answer:** Defendant United States is not planning to assert any liens for medical treatment and/or services provided by or through the Veterans Administration (VA) or CHAMPUS. However, if Plaintiff were awarded any recovery in connection with the pending action, such award would be subject to off set in the amount paid by VA/CHAMPUS for her medical care and treatment as federal law provides. The USAF has requested an accounting of past bills from Tricare, but has not received it yet. The government will produce the document when it received them.

Respectfully submitted, on September 19, 2005

TIMOTHY M. BURGESS
United States Attorney

*/s/ Lindquist*

SUSAN LINDQUIST
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September, 19, 2005, a true and correct copy of the
UNITED STATES' RESPONSE TO CRAWFORD'S SECOND DISCOVERY REQUEST
Wash and delivered to the following
via:
  (X) hand delivery
Tim O. Cook
Cook & Associates
3901 Taiga Drive
Anchorage, AK 99516

Executed at Anchorage, Alaska, on September 19, 2005.

_____
Office of the U.S. Attorney