DEBORAH M. SMITH
Acting United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>          Defendant. | Case No. 4:03-cv-40-RRB<br><br>**UNITED STATES' REPLY TO OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**I.    MS. CRAWFORD STATES FACTS THAT ARE IRRELEVANT AND MISLEADING**

Ms. Crawford presents Fact number 8 about the need for repair, in a manner that infers that the stairs that were damaged are related to the curb where Ms. Crawford fell. When the USAF produced the work order it also informed Ms. Crawford that the repair request was for stairs, not ramps and curbs, and the stairs were not in the location where she fell. Opposition Ex. B at 11. Thus, this fact is misleading and entirely irrelevant to any issue raised in the Motion for Partial Summary Judgment.

**II.    NO "ALTERATIONS" AS DEFINED BY THE UFAS AND THE ADA HAVE OCCURRED TO THE CURB OR THE EGRESS**

Ms. Crawford attempts to evade the independent contractor exception by claiming that "modifications have occurred since the air force took over control." Opposition at 2. Ms. Crawford makes a general allegation that there have been changes, but the allegations are not specific except for two changes. First the parking spots designated on the "as built" as handicap parking were re-designated at a different location because the original spaces were on a slope. Opposition Ex. B at 6 & 7. Second, two handicap signs, not located where Ms. Crawford fell, were removed. Opposition Ex. D at 2-4, 19th and 20th and 25th Admission.

Without citing any law, Ms. Crawford argues that if modifications were made, then the USAF can no longer claim that an independent contractor is responsible for the alleged acts of negligence. Opposition at 8. She cites FR 31528 § 1 as the source of this requirement. The Federal Register she cited discusses the Uniform Federal Accessibility Standards ("UFAS"). The UFAS defines alteration as "any change in a building or facility or its permanent fixtures or equipment." 36 C.F.R. § 1190.3. In <u>Kinney v.Yerusalem</u>, 812 F. Supp. 547, 550 n.2 (E.D. PA.) <u>aff'd</u> 9 F.3d 1067(3d Cir. 1993), the Court found that the UFAS did not apply in its case involving a city street because it was not applicable to streets. ("The UFAS definition of 'alteration' however is expressly made applicable only to 'buildings and structures' and is thus not relevant to this

inquiry."). Moreover, "[c]ompliance with the detailed specifications of the UFAS is required only if the agency concludes that alteration is necessary to meet the accessibility standard. Even then, only the portions altered must comply with the UFAS. 43 C.F.R. § 17.551." <u>Chantal v. United States</u>, 104 F.3d 207, 211 n. 6 (8th Cir. 1997). The only alterations Ms. Crawford notes, were not made to the curb.

Although Ms. Crawford did not cite to the codes promulgated pursuant to the Americans with Disabilities Act ("ADA"), even if she did, her claim would fail. The ADA defines alteration as follows:

> (b) Alteration. Each facility or part of a facility altered by, on behalf of, or for the use of a public entity in a manner that affects or could affect the usability of the facility or part of the facility shall, to the maximum extent feasible, be altered in such manner that the altered portion of the facility is readily accessible to and usable by individuals with disabilities, if the alteration was commenced after January 26, 1992. 28 C.F.R. § 35.151

The government did not have any duty under the ADA to change the curb or walkway because the change of location of the handicap spots and the removal of the sign was specifically done to make the facility more accessible, by providing a handicap spot without a slope. Ex. B at 7, Interrogatory 3.

Ms. Crawford also alleges a violation of the UFAS because the landing at the bottom of the ramp does not conform to the UFAS. Opposition Ex. E at #4. Ms. Crawford did not present any evidence that any alterations were done since substantial completion of the landing. Thus, the design and construction was done by independent

contractors and the government has not waived sovereign immunity for their alleged errors.

Ms. Crawford was not a handicapped individual when she fell and has no standing to allege that the government violated codes, such as the UFAS or ADA, which were designed to benefit the handicap. <u>Chantal</u>, 104 F.3d at 209 n.3; Ex. F. Although the issue of standing was not raised in the original motion, Ms. Crawford has alleged possible violations of UFAS as a reason not to apply the independent contractor bar to her claim. But she has no standing to make such a claim.

Ms. Crawford cites <u>Whisnant v. United States</u>, 400 F.3d 1177 (9th Cir. 2005), but it does not support her position because it involves the government's assertion of the discretionary function exception to the Federal Tort Claims Act. In this case, the government is not asserting that defense. It is merely claiming that the walkway and curb were designed and built by independent contractors and the government has not waived its sovereign immunity for their alleged negligent acts. The government did not move to dismiss claims of failure to maintain the curb or to warn of a danger, if such was somehow required.

Lastly, Ms. Crawford argues that once the government has chosen to adopt safety measures contained in the UFAS then it is required to implement these duties. Although she cites no law to support her proposition, she infers that the government cannot delegate its duties. She is incorrect. The government is not aware of any state law that makes the

duty to follow building codes non-delegable. Alaska has made some duties non-delegable, but the duty to follow a building code is not one of them. See e.g. Ward v. Lutheran Hospitals & Homes Society of America, Inc., 963 P.2d 1031, 1034 (Alaska 1998) ("Alaska is the only state that imposes on hospitals a nondelegable duty to provide quality emergency medical care.").

In sum, the alterations which Ms. Crawford refers to were not made to the building or structure, so the UFAS does not apply. The changes were made to improve access and were so minor that they did not trigger any duty under any code to provide other alterations. Because the government did not design or build the BX, it delegated any duty it may have had to design and build according to code to the contractors. Lastly, Ms. Crawford, an able-bodied person, does not have standing to assert the violation of a code that was designed for handicapped individuals.

### III. THE STATUTE OF REPOSE BARS CLAIMS BASED ON DESIGN DEFECT OR CODE VIOLATIONS

Ms. Crawford opposes the dismissal of any code violation claims on the basis of the statute of repose by citing to the exception. But she presents no evidence that there was an intentional or reckless disregard of specific project design and specifications or building codes.[1] The exception requires proof of something more than negligence to

---

[1] Black's Law Dictionary (8th ed. 2004) defines the key terms as follows: ***reckless disregard***. 1. Conscious indifference to the consequences of an act; **intention,** *n.* The willingness to bring about something planned or foreseen; the state of being set to do

trigger its application. The architect for the sidewalk and curb stated that he knows of no building codes that apply to the height of the curb in a commercial parking lot which existed either then or now. Motion Ex. B at 5. Ms. Crawford's expert cites to only a code for the Municipality of Anchorage, but this building was in Fairbanks. See Opposition Ex. E at 3. He also cited to the codes for the heights of steps, but no steps were involved in this accident. Therefore, although Ms. Crawford discussed some code violations, the alleged codes do not pertain to a commercial parking lot in Fairbanks. Thus, there was no conscious reckless or intentional disregard of a code, which does not exist as to the curb height. As to the allegation about some error on the landing, there is no evidence of conscious reckless or intentional disregard of the plan specifications. There is no landing on the as-built that notes a need for some edging, and thus no plan or specification was ignored. See Motion Ex. A. If an edging was required, there is no evidence that the failure was anything other than negligence. For the exception to reply, the failure has to be more than negligence.

    Ms. Crawford also attempts to avoid the bar by alleging that there was a "last step," that takes the violation into the current time. That last step was a "failure to inspect, maintain and to warn. . ." Opposition at 11. These "last steps" do not involve design and construction, do not involve codes, and are irrelevant to an argument based on

---

something. -- **intentional**, *adj.*

the statue of repose.  Moreover, the government did not move to dismiss the failure to maintain cause of action.

## CONCLUSION

The BX and its parking lots and sidewalks were designed and built by independent contractors.  Since its substantial completion in 1987, the government has not altered the building or structure and thus, there was no alteration which falls within the UFAS.  The only change the government made was to promote accessibility.  The government moved the spots designated for handicap parking because the designated spots were on a slope.  This is not an alteration within the definition in the UFAS or the ADA, and even if it were, only the alteration has to be code and Ms. Crawford made no allegation that changing the location for the handicap parking spots violated any code.  Lastly, Ms. Crawford is not handicapped and has no standing to bring a suit based on the violation of a code designed for handicapped people.

Ms. Crawford does not have a cause of action because the statute of repose took affect in 1997 and Ms. Crawford did not fall until 2000.  Thus, the law effectively eliminated any cause of action based on a code violation.  Ms. Crawford presented no evidence of "an intentional or reckless disregard of specific project design plans and specifications or building codes."  See AS 09.10.055(a)(1).  Ms. Crawford did not cite to a building code that applied to curbs in a commercial parking lot in Fairbanks.  As there

was no disregard of the plans or violation of any applicable code, let alone an intentional or reckless disregard of such, the exception to the bar does not apply. As to the allegation that the landing of the ramp required edge protection, Ms. Crawford did not specify where the plans required such edging, and the as-built of the area does not note any need, but even if such was required, there is no evidence of a conscious disregard of the code. Ms. Crawford simply presented no evidence of a conscious disregard of codes and therefore the statute of repose applies to eliminate any cause of action based on a code violation.

The government asks the Court to grant it partial summary judgment on any allegation of negligence based on the design and construction of the curb and walkway outside of the BX.

Respectfully submitted, on January 23, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2006,
a copy of the foregoing **UNITED STATES' REPLY
TO OPPOSITION TO MOTION FOR PARTIAL
SUMMARY JUDGMENT** was served
electronically on Tim O. Cook.


s/ Susan J. Lindquist