IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 4:03-cv-0040-RRB<br><br>**ORDER GRANTING MOTION FOR<br>PARTIAL SUMMARY JUDGMENT** |

　　　　Before the Court is Defendant's Motion for Partial Summary Judgment at Docket 22. The motion is opposed by Plaintiff at Docket 25. The Court has studied the pleadings and finds merit in Defendant's arguments. The summary set forth by Defendant in its Reply at Docket 28 thoroughly and accurately sets forth the facts and relevant law.

> The BX and its parking lots and sidewalks were designed and built by independent contractors. Since its substantial completion in 1987, the government has not altered the building or structure and thus, there was no alteration which falls within the UFAS. The only change the government made was to promote accessibility. The government moved the spots designed for handicap parking because the designated spots were on a slope. This is not an alteration within the definition in the UFAS or the ADA, and even if it were, only the alteration has to be code and Ms. Crawford

made no allegation that changing the location for the handicap parking spots violated any code. Lastly, Ms. Crawford is not handicapped and has no standing to bring a suit based on the violation of a code designed for handicapped people.

Ms. Crawford does not have a cause of action because the statute of repose took affect in 1997 and Ms. Crawford did not fall until 2000. Thus, the law effectively eliminated any cause of action based on a code violation. Ms. Crawford presented no evidence of "an intentional or reckless disregard of specific project design plans and specifications or building codes." See AS 09.10.055(a)(1). Ms. Crawford did not cite to a building code that applied to curbs in a commercial parking lot in Fairbanks. As there was no disregard of the plans or violation of any applicable code, let alone an intentional or reckless disregard of such, the exception to the bar does not apply. As to the allegation that the landing of the ramp required edge protection, Ms. Crawford did not specify where the plans required such edging, and the as-built of the area does not note any need, but even if such was required, there is no evidence of a conscious disregard of the code. Ms. Crawford simply presented no evidence of a conscious disregard of codes and therefore the statute of repose applies to eliminate any cause of action based on a code violation.

For these reasons, Defendant's Motion for Partial Summary Judgment is hereby **GRANTED**. The United States is not liable for any injuries that resulted from negligent design or construction of the curb and walkway outside the Eielson BX.

ENTERED this 26th day of January, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE