```
TIM COOK
ATTORNEY AT LAW
3901 TAIGA DRIVE
ANCHORAGE, ALASKA 99516
(907) 336-5291
(907) 336-5291 FAX
```

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD, ) | |
| ) | Case No. F03-0040CV(RRB) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### MOTION FOR RECONSIDERATION ON GRANT OF
### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff asks the court to reconsider the grant of the Defendant's Motion for Partial Summary Judgment.  With respect, Plaintiff believes that there are material facts in controversy that preclude the grant of Summary Judgment. In its decision, the court quotes the defendant's assertion that "the government has not altered the building or structure…<u>the only change was</u> to promote accessibility." (emphasis added).  The fact in controversy is that there were significant changes to the sidewalks and curbs (where Hazel Crawford's injury occurred).

In support of our contention that there have been significant changes to the side walks and curbs since they were originally constructed, Plaintiff produced the affidavit and report of its expert witness Jay Smith. Mr. Smith is a registered professional engineer. He conducted an onsite inspection, and compared the existing sidewalks, curbs, and parking area to the "as built" drawing (the "as built" is a drawing of the area upon completion of construction by the contractor). Mr. Smith states in his affidavit that he "observed that there were significant differences in the parking area, sidewalk arrangement, ramps, and signage than was indicated in the 'as built' drawing…". He further states that: "It was clear from my inspection that there had been significant modifications to the parking area, ramps, and sidewalk areas since completion. (exhibit E of Opposition).

Clearly there are at material issues in controversy as to both when and to the extent of alterations to the area since original construction. Defendant attempts to minimize the extent of the alterations. Plaintiff asserts that there were significant alterations. Moreover, Plaintiff has brought forth credible evidence that there were alterations and defendant in its brief admits that there were alterations ("<u>the only change was</u>" as quoted above). Plaintiff believes that it is an evidentiary issue as to when and the extent the alterations, and that these are material issues.

Therefore, Plaintiff believes that the grant of partial Summary Judgment should be reconsidered and be the Motion for Summary Judgment should be denied.

Respectfully Submitted,

s/s   Tim Cook      9007048
Attorney for the Plaintiff