DEBORAH M. SMITH
Acting United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>    Defendant. | Case No. 4:03-cv-40-RRB<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO RECONSIDER** |

Defendant, United States of America, through counsel, responds to Ms. Crawford's Motion to Reconsider the Court Order granting the government partial summary judgment.  "[A] motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)."  U.S. v. Westland's Water District, 134 F. Supp. 2d 1111, 1129-30 (E.D. CA 2001) (citations omitted).  A motion to reconsider is "appropriate where:  the district court is presented with

newly-discovered evidence or committed clear error; the initial decision was manifestly unjust;  or if there is an intervening change in controlling law." Id. Clear error occurs when the findings leave the definite and firm conviction that a mistake has been committed.  See Latman v. Burdette, 366 F.3d 774, 781 (9th Cir.2004) (citations omitted). [1]  "'[M]otions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented.. Nor is a motion to reconsider justified on the basis of new evidence which could have been discovered prior to the court's ruling. . . .'"  Id., citing United States v. Navarro, 972 F.Supp. 1296, 1299 (E.D.Cal.1997).

Rule 56(e) requires an opposing party to set forth "specific facts showing that there is a genuine issue for trial."  It also requires that supporting affidavits should be made on personal knowledge.  Lastly, the non-moving party must demonstrate not just a dispute about facts, but a dispute about facts material to the case.

Ms. Crawford alleges that the Court committed clear error because the evidence of whether the USAF made changes to the sidewalks and curbs after the

---

[1] Black's Law Dictionary (8th ed. 2004 ) defines "clear error" as follows:  A trial judge's decision or action that appears to a reviewing court to have been unquestionably erroneous. • Even though a clear error occurred, it may not warrant reversal."

area was constructed is a material fact is dispute that prevents the granting of partial summary judgment. Docket 31 at 1. Ms. Crawford is mistaken.

When Ms. Crawford argues in her motion to reconsider that "there have been significant changes to the side walks and curbs since they were originally constructed., she is merely rehashing arguments that were previously presented, which is not an appropriate groundto bring a motion to reconsider. Moreover, even if the Court re-considered her arguments, they are as lacking now as they were in the opposition. To support this factual allegation she cites the report of her expert, Mr. Smith, who inspected the site and reported that there are changes which differ from the as-built. Mr. Smith described changes only in general terms as he did not not state exactly what changes he observed, where the changes were made, when the changes were made or why he infers that the changes were done after substantial completion of the site. Rule 56's requirment that the non-moving party set forth specific facts is not satisfied by setting forth general allegations and questions about changes. Not all changes to the area would be material to this case. As the Court can see from the photograph of the spot of her fall and the general area, there are long sidewalks and curbs all around the parking lot. Motion Ex. D, (photographs). Changes to a curb in a different area would not be material to issues about the condition of the curb and sidewalk in the area Ms.

Crawford identified with a circle as the place she fell.  Ms. Crawford needed to present specific facts about a change to the sidewalks and curbs that the USAF did after the substantial completion in the area of her fall.  She failed to do this.

Mr. Smith admits that he has no personal knowledge about when the changes were made.  The architect who drew the construction plan said that changes are expected during the construction phase, so it is possible that any of the unidentified changes Mr. Smith is referring to were made before substantial completion.  See Motion Ex. B at #5 and #7.  The only changes the USAF knows about after the construction phase are the change in location for the handicap parking spots and the removal of the handicap sign.  As a result of Mr. Smith's lack of personal knowledge about changes, he cannot rebut the USAF's evidence that according to its records only two changes were made after the USAF had possession of the property and those changes were made to promote accessiblity for the disabled.  The Court did not commit clear error when it concluded that the independent architect and contractor designed and built the building, that the government is not responsible for any code violations that they may have made, and that the only changes USAF made to the property were to promote accessibility.

Ms. Crawford's motion for reconsideration does not challenge two other independent bases for granting the motion, namely that the statute of repose eliminated any cause of action for any code violations ten years after substantial completion, and the fact that Ms. Crawford is not handicapped and has no standing to challenge allegations of violations of codes created to promote accessibility for the handicapped.  These are independent, dispositive grounds for the dismissal of any claims of negligence based on negligent design or construction.  See <u>Pullman v. Chorney</u>, 712 F.2d 447, 449 (10th Cir. 1983) ("When dispositive, indisputable, alternative grounds appear in the record and are raised on appeal, an appellate court may rely on them to sustain the judgment of the court below.").  Similarly, when alternative, unchallenged legal bases support a holding, those bases can sustain the original finding in the order.  Becasue these two bases support the holding and Ms. Crawford did not move to reconsider the order based on these alternative grounds, the order should stand.

For the foregoing reasons, the government asks the Court to deny Ms. Crawford's motion for reconsideration.

Respectfully submitted, on February 8, 2006.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2006,
a copy of the foregoing **UNITED STATES' RESPONSE**
 **IN OPPOSITION TO MOTION TO RECONSIDER** was served
electronically on Tim Cook.

s/ Susan J. Lindquist