DEBORAH M. SMITH
Acting United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>    Defendant. | Case No. 4:03-cv-40-RRB<br><br>**UNITED STATES' MOTION FOR SUMMARY JUDGMENT** |

Defendant United States, through counsel, moves pursuant to Federal Rule of

Civil Procedure 56 for summary judgment on Hazel Crawford's ("Ms.

Crawford's") remaining allegations of negligence.  Ms. Crawford alleged that the

United States Air Force ("USAF") failed to keep a cement curb "in good and safe

repair and order," and as a result, she fell and sustain physical injury.  Complaint ¶

6.  She also alleged that the USAF failed to warn of a dangerous condition.

Complaint ¶ 7. Her claims fail because there was nothing unusual about cracks and chips on an outdoor curb. They are minor imperfections which are frequently encountered in almost all outdoor curbs. The curb was not dangerous, and even if it was, the USAF had no notice of any dangerous condition. There is no duty to warn of an unknown danger.

## FACTS

September 6, 2000, was sunny and cool and the sidewalks were dry. Ex. A at 4, n.8. Ms. Crawford shopped at the Base Exchange ("BX") and exited holding one bag weighing 10 pounds. Ex. A at 2, n.1. She started down the handicap ramp and stopped at the end of the railing to exchange greetings with another shopper. Docket 25 at 5. She then turned towards the parking lot and stepped off the curb. Id.; Ex. B. It was the first time she had stepped down off the curb at that spot. Ex. A at 3, n.4. She had no difficulty seeing the curb. Ex. A at 5, n.3. According to Ms. Crawford, as "she began to step down from the curb of the landing to the level of the parking lot, she felt her supporting foot give way as the edge of the sidewalk crumbled beneath it, which caused her to lurch forward and fall onto the asphalt." Docket 25 at 5. When asked to admit that she claims the curb crumbled at the time of the fall, she only stated that she "perceived that the concrete crumbled." Ex. A at 4, n.9.

Before her fall, she "did not notice any unusual appearances of the sidewalk." Ex. A at 4, n.9. After her fall, she "looked more carefully" at the area and saw that there were "cracks, chips, and pock marked areas in the sidewalk and curb." Ex. A at 4.

The USAF has a system in place to record and act on requests for maintenance. Ex. C. The 354th Civil Engineering Squadron ("CES"), Pavement and Grounds Division, is responsible for the repair of grounds, pavements, and sidewalks. Ex. C at 10, n. 8. Facility managers have primary responsibility for notifying CES of any complaints or need for repair or maintenance at their facility. Ex. C at 11, n.1; Ex. D. When CES received a request for repair or maintenance, it generated a work order. Ex. C at 10 n. 8. The work order was reviewed, validated and tracked until completion. Ec. C at 10 n.8. There is no record of a work order for the curb where Ms. Crawford fell. Ex. C at 11, n.4; Ex. D.

The curb at issue was built in 1985 and the USAF had not altered it. Ex. D. The photographs of the curb, the USAF took almost two years after the fall, show some minor cracks and chips. Ex. B. The government asks to take judicial notice that sidewalk cement curbs crack and chip by looking out the window.

## STANDARD OF REVIEW

Summary Judgment is appropriate because there "is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Summary Judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden at trial." <u>Burkowskey v. Walter W. Shuham, CPA, P.C.</u>, 666 F. Supp. 181, 184-85 (D. Alaska 1987). To withstand summary judgment, the non-moving party must establish that there are genuine factual issues that may be reasonably resolved in favor of either party. <u>California Architectural Building Products v. Franciscan Ceramics., Inc.</u>, 818 F.2d 1466 (9th Cir. 1987). There is no genuine issue of material fact when the relevant evidence in the record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to withstand summary judgment. The opposing party must present evidence on which the jury could reasonably find for the plaintiff. <u>Id.</u> at 252.

ANALYSIS

I.  THE CURB WAS NOT A DANGEROUS CONDITION PRESENTING AN UNREASONABLE RISK OF HARM

The Federal Tort Claims Act allows recovery against the United States for injuries caused by the negligent acts of an employee of the Government. Issues of liability and damages will be determined in accordance with Alaska state law. Molsbergen v. United States, 757 F.2d 1016 (9th Cir. 1985).

"A landowner or owner of other property must act as a reasonable person in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden on the respective parties of avoiding the risk." Webb v. Sitka, 561 P.2d 731, 733 (Alaska 1977). "Implicitly included in this duty is the duty to warn of hidden dangers of which the entering person is unaware." Moloso v. State, 644 P.2d 205, 219 (Alaska 1982).

The Alaska Supreme Court has cited with approval the landowner's duty as stated in Restatement (Second) of Torts § 343 (1965). See Id. at 219. It states:

> § 343. Dangerous Conditions Known To Or Discoverable By Possessor
>
> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the

> condition,
>
> and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Although in Moloso, the court found that the state satisfied the duty to warn by informing its contractor of a known geographic condition in the land, it quoted Rowland v. Christian, 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561 (1968):

> Where the occupier of land is aware of a concealed condition involving in the absence of precautions an unreasonable risk of harm to those coming in contact with it and is aware that a person on the premises is about to come in contact with it, the trier of fact can reasonably conclude that a failure to warn or to repair the condition constitutes negligence. Whether or not the guest has a right to expect that his host will remedy dangerous conditions on his account, he should reasonably be entitled to rely upon a warning of the dangerous condition so that he, like the host, will be in a position to take special precautions when he comes in contact with it.

70 Cal.Rptr. 97, 443 P.2d at 568.

A landowner is not liable in negligence for a condition that is unknown and cannot be discovered with reasonable care. In Newton v. Magill, 872 P.2d 1213, 1218 (Alaska 1994), where a landlord-tenant relationship existed, the Alaska Supreme Court found that when the landlord cannot inspect, and therefore has no knowledge of the defect, "[i]n such cases 'a landlord should not be liable in

negligence unless he knew or reasonably should have known of the defect and had a reasonable opportunity to repair it.'" (citation omitted).[1]  In other words, a landowner is liable for a known or discoverable defect, but he is not liable for unknown defects.

Curbs are not inherently dangerous things.  For a defective condition to create an unreasonable risk of harm, "the defect must be of such a nature as to constitute a dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." Ports v. Circle K, 395 F. Supp 2d 442, 445 (W.D. La. 2005) (citation omitted).  In Walker v. James W. Salley, Inc., 412 So.2d 159 (La. App. 3d Cir. 1982), the Plaintiff was injured when stepping from a curb.  She testified:  "And then, there's. . . . this little curb there that I started to step over, and my foot was, got caught on that curb and it, and I fell." Id. at 160.  The Court wrote about the curb:

> It was easily discernable to anyone traversing the area.  Mrs. Walker was well aware of the existence of the curb.  She had successfully traversed the area many times.  She saw the curb on the day in question, attempted to traverse it, misjudged her step or footing and tripped.  The fact that Mrs. Walker fell does not elevate the condition of the curb to that of an unreasonable dangerous vice or defect.

---

[1] The parties had a landlord-tenant relationship governed by the Residential Landlord and Tenant Act, which creates duties in addition to and greater than those imposed on property owners by the common law.

412 So.2d at 161.

In Ports, 395 F. Supp.2d at 443, Mr. Ports stepped up from a parking lot onto a curb and fell. He claimed the defect in the curb was the differential in elevation between the parking lot and the sidewalk at the location of the accident, which was somewhere between seven and nine inches. Id. at 443-44. The court found that "the facts and circumstances of this case evidence a curb that does not contain a defect and does not present an unreasonable risk of harm, as Mr. Ports was not only wholly aware of the curb and the change in elevation, but also attempted to traverse the curb." Id. at 448. The court found that the change in elevation did not create an unreasonable dangerous condition that required painting or warning signs because the "the photograph of the accident scene denotes an obvious change in elevation and, as stated earlier, Mr. Ports admitted that he saw the change in elevation." Id. at 448.

Not all defects present an unreasonable risk of harm. In Jones v. H. & T. Enterprises, 88 Ohio App.3d 384, 623 N.E.2d 1329 (1993), the Plaintiff claimed some gravel on a sidewalk, located next to a gravel parking lot, presented an unreasonable risk of harm. Id. at 1332 & 388. The trial court had found that "the presence of gravel on the walkway did not render it unreasonably dangerous." Id. The trial court wrote that such "a minor imperfection which is not unreasonably

dangerous and is commonly encountered and expected cannot create liability." Id. The Appellate Court confirmed the granting of summary judgment for the landowner because reasonable minds could not differ that gravel on a sidewalk is a minor imperfection, which is commonly encountered. Id.

    A.    <u>The Curb Did Not Have a Dangerous Condition.</u>

According to the Restatements, the USAF would be liable for Ms. Crawford's physical injuries if it knew or by the exercise of reasonable care would have discovered a defective condition of the curb, and should have realized that it involved an unreasonable risk of harm to Ms. Crawford, and should have expected that she would not have discovered or realized the danger, or would have failed to protect herself against it.
The curb did not have a defect that was inherently dangerous. It was just a curb and all curbs over time crack at the edges. Cracks in curbs, like gravel on a sidewalk next to a gravel lot, are minor imperfections which are commonly encountered and not unreasonably dangerous. No pedestrian or landowner would appreciate any danger in cracks in a curb. The curb is an inert object that can be clearly seen and stepped from.

The photographs of the curb, taken nearly two years after the fall, show minor chips and cracks, but nothing significant in the area of her fall. *See* Ex. B.

Just as the photographs in <u>Ports</u> showed a normal curb, so do these photographs. The curb is clearly visible as it is made of cement and the parking lot is black macadam. In the two years that past since Ms. Crawford's fall, the curb may have acquired new cracks, but it still looks functional and has the angles of a curb.

Although the accident occurred the first time Ms. Crawford stepped off this particular curb, she knew that the curb was there and it did not look unusual to her. Ms. Crawford's foot came in contact with the curb, instead of clearing it, just like in <u>Walker</u>, where Ms. Walker's foot got caught on the curb, Ms. Crawford's shoe contacted the edge of the curb and allegedly it crumbled. The government states "allegedly" because Ms. Crawford did not describe any debris from the crumbing when she viewed the area after the fall, and she stated that she "perceived" that the curb crumbled. *See* Ex. A at 4, n.9. Even viewing the evidence in light most favorably to Ms. Crawford, and finding that the edge crumbled, this does not lead to the conclusion that the curb was dangerous. The mere fact that an accident happens does not support an inference of negligence. <u>Amar v. Union Oil Co. Of California</u>, 166 Cal.App.2d 424, 333 P.2d 449 (1958); <u>Forbes v. Romo</u>, 123 Ariz. 548, 550, 601 P.2d 311, 313 (1979) ("Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained."). The photographs, after the fall, do not show a curb that had a

dangerous condition that needed to be repaired.

>   B.  The USAF Had No Duty To Warn About Minor Imperfections Which Were Obvious and Did Not Constitute A Defective Condition That Was Unreasonably Dangerous.

"The law does not impose a duty to warn of an obvious danger." Postan v. United States, 396 F.2d 103, 107 (9th Cir. 1968) *citing See* Prosser, Law of Torts, 403 (3rd Ed. 1964); *see generally*, Keeton, Personal Injuries Resulting From Open and Obvious Conditions, 100 U.Pa.L.Rev. 629 (1952). The landowner only has a duty to warn when he "is aware of a concealed condition involving in the absence of precautions an unreasonable risk of harm to those coming in contact with it and is aware that a person on the premises is about to come in contact with it, the trier of fact can reasonably conclude that a failure to warn or to repair the condition constitutes negligence." Moloso, 644 P.2d at 219, citing Rowland.

In this case, Ms. Crawford stated that before the fall there was nothing unusual about the curb. Afterwards she claims she inspected it and found cracks, chips and pock marks. These conditions are common and they are not unreasonably dangerous. No one had complained about the curb according to available records. If the tendency to crumble was latent, the USAF had no reason to warn Ms. Crawford about anything it did not know about. It would have been ridiculous to give a warning that a curb is here, the curb is made of cement which

sometimes cracks and crumbles.  Concrete is everywhere and underfoot most streets and walkways.  Ex. F.  The USAF had no duty to warn of a common condition that is apparent everywhere.

    C.    <u>People Trip in the Act of Walking</u>

People do fall when stepping from curbs, but generally the curb has nothing to do with it. *See* supra at 7-8, <u>Walker</u>, <u>Ports</u>.  One article explained why trips occur:

> *Trips* occur when a person's foot strikes an obstacle in a walkway. . . .
>
> People tend to trip because they are diverted from the task of walking. They could be carrying something that obstructs their view, talking to someone else, or just daydreaming.  New, unfamiliar footwear--especially shoes with thick or heavy soles--also can cause a person to trip or stumble.

Ex. G (emphasis original).

Ms. Crawford was carrying a 10 pound bag and had just ceased talking with someone when she turned and immediately stepped down from one level to a lower level at the point the railing ended.  She stated that her foot contacted the edge of the sidewalk and the cement crumbled.  Docket 25, Opposition at 5. Looking at the photograph taken in October 2002, there is no big significant crack in the edge of the curb in the area she circled where the fall occurred.  *See* Ex. B.

Ms. Crawford's manner in navigating the curb and not clearing the edge caused the fall.

Ms. Crawford might argue that the cement was defective because according to her engineer, Ms. Crawford's weight and action was not sufficient to cause a failure of properly cured cement. Docket 2, Opposition, Ex. E at 2. If indeed the cement was not properly cured, the contractor who poured the cement is responsible because curing occurs within a month of the time the cement is poured. Ex. F at 3. Thus, the USAF cannot be held liable for any error in curing.

## CONCLUSION

The curb at issue did not have any condition which presented a reasonable risk of harm. It was an ordinary curb with some cracks and nicks. These commonly encountered, minor imperfections did not create and unreasonable risk of harm. Ms. Crawford stated that she did not notice any unusual appearance of the sidewalk before her fall. The USAF had no duty to warn because there was nothing to warn about. Ms. Crawford was aware that the curb was there. She could see significant cracks if they existed. No one could predict when cement would crumble. Moreover, the USAF CES had no requests for repair or maintenance. Cement lasts for some time. The photograph taken closest to the

Case 4:03-cv-00040-RRB   Document 40   Filed 04/12/2006   Page 14 of 14

accident depicts an ordinary curb with no gross chunks of cement missing. The curb was intact.

Walking between uneven surfaces causes trips. Ms. Crawford just fell when she stepped off the curb. As the Ports Court wrote, "the simple fact that an accident occurred as a result of an alleged defect does not in and of itself 'elevate the condition of the thing to that of an unreasonably dangerous condition'." 395 F. Supp 2d at 445. The curb was not unreasonably dangerous and the USAF was not aware of any dangerous condition of which it should warn. The government asks the court to grant it summary judgment.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2006,
a copy of the foregoing UNITED STATES' MOTION
FOR SUMMARY JUDGMENT was served
electronically on Tim Cook.

s/ Susan J. Lindquist


4:03-cv-40-RRB                                     14