TIMOTHY M. BURGESS
United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No. F03-0040CV(RRB)<br><br>**UNITED STATES' RESPONSE TO CRAWFORD'S SECOND DISCOVERY REQUEST** |

### REQUESTS FOR ADMISSION

**15th Request For Admission**     Please admit that on one or more occasions since May 8, 1985, an addition to the Base Exchange has been constructed.

Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Object to the form of the question. The word "addition" is not defined. The government will interpret it to mean additional square feet added to the BX in this request and all subsequent requests. Without waiving the objection, deny.

1


Exhibit D
Page 1 of 4

ramp.

**30th Request For Admission**     Please admit that alteration of the handicapped parking spaces and accessible route at the Base Exchange required that those facilities be brought into compliance with the then existing requirements for construction of handicapped parking and an accessible route.

**Answer: Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, deny.**

**31st Request For Admission**     Please admit that the Inspection Report Eielson 02-233, Bates # USAF 000000159 states that "This particular curb is the front of the Colonel and Wing Commander parking slots. It is higher than a normal curb…"

**Answer:   Defendant United States of America objects to Plaintiff's partial listing of the sentence on the basis that it is misleading  This statement is incomplete and taken out of context. The entire sentence reads:  "It is higher than a normal curb because it is on the side of the handicap access ramp." Without waiving the objection, admit.**

**32nd Request For Admission**     Please admit that the steps and sidewalk in front of the Base Exchange, as referred to in the two 'Work Requests', previously produced as USAF 000592 and USAF 000591, have not been repaired.

**Answer:   Defendant United States of America objects to Plaintiff's Request for Admission on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence.**

**As previously stated in Defendant's Answer to Plaintiff's Request for Production #4,**

6


Exhibit P
Page 2 of 4

these work orders do not relate to the location where the Plaintiff alleges her injury occurred.

Without waiving said objection and subject to it, the U.S. denies that the work order referenced in USAF 000591 and 000592 is open. The records from the 354th Civil Engineering Squadron (CES) reflect Work Order #21277 opened for repair of the sidewalk and steps in front of the BX was closed out in March 2005.

33rd Request For Admission        Please admit that the two 'Work Requests' previously produced as USAF 000591 and 000592 are the only Work Requests made by AAFES or any other organization for the Base Exchange accessible route since 1999.
Answer:  Defendant United States of America objects to this Request for Admission for vagueness based on Plaintiff's failure to more specifically define the term "accessible route" for purposes of Defendant's response.

Without waiving said objection and subject to it, Defendant United States has identified and attached five (5) work orders on file with 354th CES relating to repair or maintenance at the BX between 1999 and present, including Work Orders #21277, #G4033, #G5369, #G8459, and #22910. For further information concerning the nature and status of these work orders, please refer to Defendant United States' Answer to Request for Production # 13.

34th Request For Admission        Pease admit that Hazel Crawford had a preexisting condition that potentially affected her mobility.
Answer: Defendant United States of America is unaware of any preexisting condition or disability affecting Plaintiff's mobility.

35th Request For Admission        Please admit that Hazel Crawford did NOT have a preexisting condition that potentially affected her mobility.
Answer:  Same answer as Defendant's Answer to 34th Request for Admission.

7


Exhibit D
Page 3 of 4

designated" handicapped parking at the Base Exchange.

**Answer:** Defendant United States of America objects to Plaintiff's Request for Production on the basis that it is not related to relevant matters within the scope of Rule 26(b)(1) nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection the government states that the USAF could not find any documents responsive to this request. See 23rd Request for Admission.

**Request for Production: 12.** Please produce copies of any documentation of each monthly inspection or periodic inspection of the sidewalk, ramps, stairs, landings, and/or the accessible way in front of the base exchange conducted by the facility manager, assistant facility manager, 384th CES or any other party from 1995 to the present date.

**Answer:** Defendant United States of America objects to Plaintiff's Request for Production on the basis that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections and subject to them, Defendant United States has attached a copy of Air Force Form 1219, BCE Multi-Craft Job Order, dated May 13, 2002, reflecting the maintenance work fixed during an interior facility inspection in 2002. An AF Form 1219 is the only record completed by 354th CES during facility inspections and these forms are only required when repairs/maintenance are needed. Defendant United States has found no other AF Forms 1219 for the relevant time frame. The Base Exchange does not maintain written records of periodic facility inspections. The work orders identified in Defendant's Answers to Plaintiff's Production Requests relate to repairs and maintenance identified by the Base Exchange facility managers during periodic facility inspections.

Defendant United States of America has not identified written records of facility inspections conducted by parities other than CES or the Base Exchange during the relevant time frame.

**Request for Production: 13.** Please produce copies of all customer complaint form,



Exhibit D
Page 4 of 4