DEBORAH M. SMITH
Acting United States Attorney

SUSAN LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　Defendant. | Case No. 4:03-cv-40-RRB<br><br>**UNITED STATES' REPLY TO THE OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT** |

## I. THE USAF HAD NO DUTY TO WARN ABOUT AN ORDINARY CURB.

Ms. Crawford repeatedly argues that the propensity of a curb to crumble is a

hidden danger about which the USAF had a duty to warn.  She relies on Moloso v.

State, 644 P.2d 205 (Alaska 1982)  as a source of this duty.  Docket 41 at 9.

Moloso, however, only creates the duty when the landowner knows of the

concealed danger and a visitor may not. 644 P.2d at 219. The USAF did not know and could not have known from a visual inspection anything more about the concrete curb than Ms. Crawford. The height of a curb is not hidden. The condition of the cement is also not hidden. Ms. Crawford urges a finding that the cement was deteriorating. The pictures are the best evidence and they do not show a deteriorated curb. Moreover, according to an inspection report she presented at Docket 41, Ex. M, even after Ms. Crawford's fall, "[t]he curb did not show any notable breakage or crumbling other than normal worn areas."

    Ms. Crawford argued that the USAF had superior knowledge about the condition of the curb where she fell because it knew that the concrete stairs at a different location to the BX were failing. She argues that the concrete at the two different locations were poured at the same time and treated with the same deicers, and therefore, the structural integrity of the two concrete formations would be the same. Docket 41 at 8, no.26. There is no evidence presented to support this statement. It is pure speculation. There is no evidence about how the facilities managers removed snow and ice from the parking lot as opposed to the stairs, if they used a deicer, whether the same deicer was used in the two different areas, and if a deicer was used, whether it was used with the same frequency in both areas, and whether both areas received the same amount of traffic. The fact that

the concrete stairs needed repair does not mean that the curb, a totally different structure with a different use, was also in need of repair. As the photographs show, the curb at issue did not require maintenance and there was no work order made for repair in that area. Docket 41 at Ex. A at 3.

Ms. Crawford relies on a California case for the proposition that the curb at the BX was dangerous. In <u>Mizel</u>, the Plaintiffs alleged several defects that related to design, not maintenance. Docket 41 at Ex. J. Although the case is not controlling, it also relied on several factors not present in our case. The curb in that case had an eight inch height differential - it was not just an 8 inch height curb. <u>Id</u>. at 4. The curb tapered from 8 inches to zero. <u>Id</u>. at 3. That was not the case with the curb at issue in the area where Ms. Crawford fell. The facts of <u>Mizel</u> are unique to its case and do not justify a finding that the curb at the BX was dangerous.

    A.    **Ms. Crawford's Engineer Adds No Helpful Specialized Information About Maintenance.**

Ms. Crawford provides an expert opinion, but the opinions relate specifically to the category of design, not maintenance. Docket 41 at 9, no. 31. An independent contractor designed the height of the curb, and therefore, the government cannot be held liable for the design. Moreover there was no design

4:03-cv-40-RRB

3

defect. Ms. Crawford's engineer does not cite to any code that dictates the height of curbs in parking lots in Fairbanks. He cites only to the Anchorage municipal code for streets. Docket 41 at Ex. F. He also refers to the rises and run for stairs. A curb is not a stair. Thus, Ms. Crawford's repeated argument that the curb was 75% higher than usual is sheer exaggeration because she never cited a code for curb height in Fairbanks. Even if she had, the USAF is not responsible for a design defect.

Because she cannot rely on design as a source of negligence, Ms. Crawford summarily asserts that the height of the curb was a danger. She cites to a statement made by Rhonda Moore. Docket 41, Ex. E. This statement is hearsay and Ms. Crawford cites to no exception of the hearsay rule. The statement should not be considered by the court.

Ms. Crawford's engineer also reports that the nose of the curb was falling apart. Docket 41 at 9. He has no specialized visual expertise that will assist the fact finder. The photographs and Ms. Crawford's observations of the curb do not show a curb that is falling apart. Moreover, his statemetns about deicers is irrelevant as there is no evidence that deicers were even used on that curb. Lastly, he does not state what maintenance should have been done, but wasn't.

**B.     There Is No Common Law Duty to Inspect Cement Curbs on a Monthly Basis or to Keep Inspection Reports.**

Ms. Crawford argues that the USAF' Facilities Manager's Guide requires managers to make monthly inspections. Docket 44 at 11. She complains that there are no records of the inspections. She does not identify any duty under Alaska's common law for property owners to keep records of property inspections. Under the Federal Tort Claims Act, 28 U.S.C. § 2674, the United States is liable to "the same extent as a private individual under like circumstances". Property owners have no duty to retain records pertaining to their property inspections. Moreover, Ms. Crawford cites to a section of the Guide which does not even mandate record keeping. It states that the records **may** contain the following items. Docket 41 at 11, no. 38. (emphasis added).

## CONCLUSION

The undisputed facts remain. Ms. Crawford saw the curb. She did not notice any unusual appearance of the sidewalk. Two years post accident, in photographs, the curb only shows minor cracks and chips in the edge. The height of the curb cannot be considered a source of negligence because the curb was designed by independent contractors.

No reasonable person could differ in concluding that the curb was easily visible and not inherently dangerous. Ms. Crawford's foot did not clear the curb and she just lost her balance. The government asks the court to grant it summary judgment.

DEBORAH M. SMITH
Acting United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2006,
a copy of the foregoing UNITED STATES'
REPLY TO THE OPPOSITION TO ITS
MOTION FOR SUMMARY JUDGMENT
 was served electronically on Tim Cook.

s/ Susan J. Lindquist