IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HAZEL CRAWFORD,

      Plaintiff,

vs.

UNITED STATES OF AMERICA,

      Defendant.

Case No. 4:03-cv-0040-RRB

**ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT**

Before the Court, at Docket 40, is Defendant's Motion for Summary Judgment. Defendant argues that the curb on which Plaintiff fell was not dangerous and, even it were, Defendant had no duty to warn of an unknown danger. Plaintiff opposes, at Docket 41, and argues that there are genuine issues of fact with regard to Defendant's duty to warn of hazards, duty to inspect, and duty to maintain walkways in a good and safe condition. In its reply, at Docket 45, Defendant refutes the various arguments raised by Plaintiff.

After thoroughly reviewing the pleadings and construing the facts in the light most favorable to Plaintiff, the Court concludes that Defendant's motion is well taken.

There is no question that Plaintiff fell while stepping down from a curb at the Eielson Air Force Base Exchange.  The weather was dry and the walkway was clear and unobstructed.  Although Plaintiff perceived that the curb crumbled under her foot, the pictures and observations immediately after the fall belie this.  The curb was at the time, and remains today, a normal, concrete curb with minor but insignificant deterioration.  The curb itself was constructed in the mid 1980's and has not since been modified at the place Plaintiff fell.  No evidence of any prior falls at the location in question was established, and no indication that the curb in question presented a dangerous condition was set forth.  Certainly no evidence was presented to show that Defendant was aware of a dangerous condition at that location, and there is no duty to warn of an unknown danger.

In the present case, the Court concludes that no reasonable jury could find that the curb in question was dangerous or that it constituted any sort of a hazard that would give rise to a duty to warn.  Given the innocuous condition of the curb at the time, there was no dangerous condition for the landowner to have discovered, and no amount of inspection would have discovered the curb at this location to constitute a danger.  On the contrary, the sidewalk and curb in question, at the location in question, was apparently used without incident for roughly 15 years before Plaintiff fell.  Unfortunately, Plaintiff did fall and injure

herself.  It was an accident, however, for which blame cannot be legally placed upon Defendant.  Under the circumstances, there is no legitimate issue of material fact to preclude summary judgment.

Defendant's Motion for Summary Judgment is therefore **GRANTED** and this case **DISMISSED**.

ENTERED this 15th day of June, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE