Tim Cook AKBN 9007048
Cook & Associates
3901 Taiga Drive
Anchorage, AK  99516
Phone: 907-336-5291
Fax: 907-336-5292
tcook@acsalaska.net
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Defendant. ) <br> ) | **Civil Case No.: F03-0040 Civ (JWS)** <br><br> **MOTION FOR** <br><br> **RECONSIDERATION** |

Comes Now Hazel Crawford by an through her attorney of record Tim Cook and moves the court for Reconsideration of the judgment rendered in the above captioned case on April 17, 2008. Crawford requests this reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, and under any other rule of law or equity for justice to be done.

Crawford believes the Court mistakenly interpreted that there was a debate over the accuracy of the "as-built. " Crawford bases this belief on the Courts statement that: "Plaintiff's *speculation* that the 'as-builts' suggest that the area was initially constructed differently that its current configuration is merely unsupported *conjecture*…is not convincing"[1] (emphasis added).

The United States admitted in Admission 13, that the "as-built" was accurate. In fact the defendant

---

[1] <u>Memorandum of Decision</u> , Crawford v. United States,  A4-03-0040 Civ. at 12

1  affirmatively stated, "the United States denies the [as-built] is inaccurate. This plan accurately reflects the
2  location of handicapped parking at the time of original construction was completed twenty years ago."[2]
3  (emphasis added).

4  Rule 36 provides that "Any matter admitted under this rule is conclusively established unless the
5  court on motion permits withdrawal or amendment of the admission."[3] No motion was made to withdraw
6  the admission. As a result, the admission should be treated as conclusive.

7  Therefore, Crawford was not speculating on the accuracy of the "as-built" but relying on the explicit
8  admission of the United States that the "as-built" was accurate. Clearly, if the "as-built" was accurate, there
9  were substantial alterations to the parking area (based on the mass of evidence presented as to the current
10  configuration of the parking).

11  Because the "as-built" is accurate, and there clearly has been significant alteration, it was incumbent
12  on the United States to prove up their immunity defense of third party design and construction. The United
13  States offered no evidence that third parties designed or constructed the area subsequent to the original
14  construction. Therefore the immunity defense is not applicable vis-à-vis the subsequent reconstruction . As
15  a result, the United States is responsible both for design and construction defects of the curb where
16  Crawford fell.

17  The evidence showed that the curb was unusually high. Moreover, the measured height of the curb
18  (by both Putnam, the United States witness, and by Smith, Crawford's expert witness) showed it was
19  higher than the "as-built". Not only was the original design extraordinarily high, but the curb was
20  reconstructed in manner that was even higher than the original plan.[4]

21  The court concluded that Crawford likely fell after she "caught her heel on the edge of the curb and

---

[2] Exhibit 1, Admission 13, United States Response to Plaintiff's First Request for Discovery.

[3] F.C.R.P. 36(b)

[4] Crawford asserts that since the United States admitted that the 'as built" was accurate, for the curb to be higher than that depicted in the as-built necessarily requires that the area was reconstructed in some manner. Further, the curb height has been a pivotal issue throughout the case and the United States knew that the "as-built" was a primary document showing curb height. The court should not allow the United States to minimize the import of it admission as to the accuracy of the "as-built".

1  stepped down hard..” (emphasis added).[5]  Stepping down hard is exactly one of the results of having a
2  very high curb defectively designed/built curb. The United States should not be able to avoid responsibility
3  for this defect.

5  Based on the foregoing, Crawford humble asks the court to reconsider, find that the "as-built
6  drawing" is accurate and that the United States is liable for the injuries sustained by Crawford because it is
7  responsible for design and construction of this unusually high curb.

12  Dated: __4/17/08_____                    ____s/s Tim Cook_____
13                                                    Tim Cook, Attorney for Plaintiff
                                                      Alaska Bar No. 9007048

**CERTIFICATE OF SERVICE**

I hereby certify that on  4/17/08   a true and correct copy of the above document  was served electronically to the following:

Susan Lindquist
Assistant U.S. Attorney
Federal Building and U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513

---

[5] Memorandum of Decision at 14.