NELSON P. COHEN
United States Attorney

SUSAN J. LINDQUIST
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Fax: (907) 271-2344
susan.lindquist@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA<br><br>　　　　Defendant. | Case No. 4:03-cv-00040-RRB<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO THE MOTION TO RECONSIDER** |

Defendant United States submits this opposition to Plaintiff's motion to reconsider the Court's Order after trial at Docket 74.

## FACTS

The Plaintiff made the following Request for Admission:

**Request for Admission: 13.** Please admit that the Grading and Site Plan Details Drawing, Bates # EIEL 0000589, **does not accurately** depict the parking, curbage, sidewalks, ramps, and other details.

**Answer**:   The United States objects to this Request for Admission on the basis that it is not relevant or reasonably calculated to lead to the discovery of admissible evidence.
Without waiving these objections, the United States **denies** the Grading and Site Plan Details Drawing is inaccurate.  This plan accurately reflects the location of handicapped parking at the time original construction was completed twenty years ago.  The handicapped parking spaces were merely re-designated at a later date when construction was finished and therefore these changes are not reflected in the 1984 Grading and Site Plan Details Drawing.

An Interrogatory asked the government to explain the handicap parking change, if it had denied Request for Admission 13.  The government explained the handicapped parking changes in its response to Request for Admission 13.

After the case was remanded from the Ninth Circuit,  Plaintiff asked the government to review its prior answers.  In January of 2008, the government wrote again that A-13 (Request for Admission 13) was **denied**.  Ex. B at 3.  In the same document, the government wrote in response to A-1 as follows:

> The United States denies and has always denied that there was any alteration to the ramp and its landing.  The United States has always admitted that the handicap spot was re-designated because the original location was on a slope.  The United States denies that this is an alteration that required a waiver. (Ex. B at 1)

## ARGUMENT

FRCP 36(b) provides that "[a]ny matter admitted under [Rule 36] is conclusively established unless the court on motion permits withdrawal or amendment of the admission."  If the request is ambiguous, the ambiguity is to be construed against the

party, whose lawyer drafted the request. *Talley v. U.S. 990 F.2d 695, 699 (1st. Cir. 1993)*. The goals of Rule 36(b) are to emphasize the importance of resolving an action on the merits and to uphold a party's justified reliance on an admission in preparation for trial. *U.S. v. Branella, 972 F.Supp. 294, 301 n 13 (New Jersey 1997)*

Plaintiff argues the government **admitted** that the "as built" **was accurate** in its response to Request for Admission 13. Dkt 75 at. 1. That is not true. The government **denied** the Request for Admission and the request did not refer to an as-built; it referred to the "Grading and Site Plan Details Drawing," which was not necessarily an as-built drawing. Thus, Plaintiff cannot rely on Rule 36(b) to establish as an "admitted fact" that the "as-built" was accurate because there was no such admission. When the government **denied** that the Drawing **was inaccurate**, it did not admit that the Drawing was accurate in all details. Some of the Drawing was accurate and other parts may have been inaccurate. In its responses to Request for Admission 13, and the related Interrogatory, the government discussed the change in the designation of handicapped parking.. Ex. A at 3. The government did not comment on the accuracy of other parts of the Drawing. Plaintiff misinterpreted the government's answer by assuming that denying a negative was the same as admitting a positive. The government did not admit that the entire drawing was accurate because that question was never presented. By framing the question in the negative, the Plaintiff created an ambiguity that should be construed against Plaintiff and not in favor of creating a binding admission.

Plaintiff argues that the curb was "reconstructed in manner that was even higher than the original plan." Dkt. 75 at 2. She reaches this incorrect conclusion by relying on the plan elevations and ignoring the typical curb drawing in the middle of the plan. However, Mr. Kim testified that the best information to use to determine permissible curb height is the drawing of the typical curb. That drawing allows a variable curb above the subsurface from 6 to 10 inches. Engineer Putnam testified that the curb was 9 1/4 inches high where Plaintiff fell. The curb was not higher than the typical curb depicted in the original plan.

Plaintiff argues that she relied on the government's admission that the as-built was accurate. Dkt 75. But she knew that one of the main issues for trial was the issue identified by the Ninth Circuit: " [W]hether the sidewalk or ramp were altered subsequent to the original construction." Dkt. 69 at 4. In her trial brief, she stated that the government admitted that the area had been altered and the "extent and the precise details of the construction may be in controversy." Dkt. 68 at 8. The government's brief stated that "there was no change in the ramp, the curb, or handrails in the area where she fell." Dkt 69 at 2. In its 2008 response to Request for Admission No. 1, the government "denies and has always denied that there was any alteration to the ramp and its landing." Plaintiff could not reasonably rely on the government's denials to establish as an "admitted fact" that the ramp had been altered.

Lastly, Plaintiff argues that the Court failed to appreciate the role the curb played in

her fall. She claims that stepping down hard was the result of a high curb, defectively designed or built. The United States neither designed nor built the curb. There was no evidence that stepping down hard, as opposed to catching her heel on the edge of the curb, caused her fall. Therefore, the United States respectfully requests that the Court deny Plaintiff's motion for reconsideration.

Respectfully submitted this 2nd day of May, 2008, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
AK #9008053

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2008
a copy of the foregoing **UNITED STATES' RESPONSE IN OPPOSITION TO THE MOTION TO RECONSIDER** was served electronically on Tim Cook.

s/ Susan J. Lindquist