

**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

---

*Federal Building & U.S. Courthouse*
*222 West 7th Avenue, #9, Room 253*      *Commercial: (907) 271-5071*
*Anchorage, Alaska 99513-7567*           *Fax Number: (907) 271-3224*


January 30, 2008

Timothy Cook          via email
3901 Taiga Drive
Anchorge, AK  99516

    Re:    Plaintiff's Discovery Requests –*Crawford v. United States et. al.*, United States District Court, District of Alaska, Case No. F03-0040CIV (RRB)

Dear Mr. Cook:

    From the outset, please take note that in the original responses to the discovery requests, the government answered the requests notwithstanding the objections. Therefore the objections did not prevent your client from receiving information.

A-1    The United States continues to assert its objections to Request for Admission 1 as not relevant nor is it reasonably calculated to lead to admissible evidence. There is no cause of action arising from alleged code violations in this case due to your client's lack of standing because she was not handicapped, the statute of repose and the indisputable fact that independent contractors were responsible for the original construction of ramps, landings and parking spaces.
    The United States denies and has always denied that there was any alteration to the ramp and its landing. The United States has always admitted that the handicap spot was re-designated because the original location was on a slope. The United States denies that this is an alteration that required a waiver. Therefore, your question is irrelevant. Nonetheless the United States admitted that the law you cited was the law that applied, if a law applied.

A-2    The United States continues to assert its objections to Request for Admission 2 as not relevant nor is it reasonably calculated to lead to admissible evidence. There is no cause of action arising from alleged code violations in this case due to your client's lack of standing, the statute of repose and the indisputable fact that independent contractors were responsible for the ramps, landings and parking spaces.

A-3    The United States withdraws it's objections and admits that under the law inserted below the BX did not fall within the military exclusion section.

Exhibit B

**4.1.4 OCCUPANCY CLASSIFICATIONS.** Buildings and facilities shall comply with these standards to the extent noted in this section for various occupancy classifications, unless otherwise modified by a special application section. Occupancy classifications, and the facilities covered under each category include, but are not necessarily limited to, the listing which follows:

**2. (1) GENERAL EXCEPTIONS.** Accessibility is not required to elevator pits, elevator penthouses, mechanical rooms, piping or equipment catwalks, lookout galleries, electrical and telephone closets, and general utility rooms.

**(2) MILITARY EXCLUSIONS.** The following facilities need not be designed to be accessible, but accessibility is recommended since the intended use of the facility may change with time.

(a) Unaccompanied personnel housing, closed messes, vehicle and aircraft maintenance facilities, where all work is performed by able-bodied military personnel and, in general, all facilities which are intended for use or occupancy by able-bodied military personnel only.

(b) Those portions of Reserve and National Guard facilities which are designed and constructed primarily for use by able-bodied military personnel. This exclusion does not apply to those portions of a building or facility which may be open to the public or which may be used by the public during the conduct of normal business or which may be used by physically handicapped persons employed or seeking employment at such building or facility. These portions of the building or facility shall be accessible.

(c) Where the number of accessible spaces required is determined by the design capacity of a facility (such as parking or assembly areas), the number of able-bodied military persons used in determining the design capacity need not be counted when computing the number of accessible spaces required.

A-4   Admit. Withdraw objections.

A-5   The United States admits that there were no formal engineering studies, engineering analysis, or any other formal evaluation when the USAF re-designated the handicap parking spots. The United States still asserts that the re-designation is irrelevant.

A-6   The United States continues to assert its objections to Request for Admission 6 as not relevant nor is it reasonably calculated to lead to admissible evidence.

A-8   The United States continues to assert its objections to Request for Admission 8 as not relevant nor is it reasonably calculated to lead to admissible evidence. There is no cause of action arising from alleged code violations in this case due to your client's lack of standing, the statute of repose and the indisputable fact that independent contractors were responsible for the ramps, landings and parking spaces. There were no alterations done to the ramp to trigger any duty to add edge protection.

A-9   Deny, Objection withdrawn.

A-10  Deny.

Exhibit B

A-12   Deny that the curb ramp was broken. Admit that there was at least one crack as observed by Ms. Crawford. Objections withdrawn.

A-13   Deny. Reiterate answer. Objections withdrawn.

A-15   Deny. Objection withdrawn.

A-16   Deny. Objection withdrawn.

A-17   Deny. Objection withdrawn.

A-19   Deny, with the exception of the re-designated handicap spots and the repair mad to the stairs a few years after Ms. Crawford's fall.

A-21   The United States continues to assert its objections to Request for Admission 21 as not relevant nor is it reasonably calculated to lead to admissible evidence. There is no cause of action arising from alleged code violations in this case due to your client's lack of standing, the statute of repose and the indisputable fact that independent contractors were responsible for the ramps, landings and parking spaces. There was no waiver requested or granted - thus it is irrelevant who has the power to grant them.

A-22   The United States continues to assert its objections to Request for Admission 22 as not relevant nor is it reasonably calculated to lead to admissible evidence. There is no waiver requested in regards to the area where ms. Crawford fell, therefore, it is irrelevant whether any base personnel can grant a waiver. The United States admitted the request.

A-23   See the answer to A-5 regarding the same topic. The United States continues to assert its objections to Request for Admission 23 as not relevant nor is it reasonably calculated to lead to admissible evidence. There is no cause of action arising from alleged code violations in this case due to your client's lack of standing. Admit that there was no formal written analysis or determination about re-designating the spots.

A-24   Admit. Objections withdrawn.

A-25   Admit. Objection that this question is irrelevant as Ms. Crawford is not handicapped and she fell before she even reached the former handicap parking spots. Moreover she was not using the handicap parking spots or the wing commander spots, so their designation is irrelevant to any issue for trial.

To answer this question, we are referring to the terms in the standards as follows:
*ALTERATION.* As applied to a building or structure, means a change or rearrangement in the structural parts or elements, or in the means of egress or in moving from one location or position to another. It does not include normal maintenance, repair, reroofing, interior decoration, or