Tim Cook AKBN 9007048
Cook & Associates
3901 Taiga Drive
Anchorage, AK  99516
Phone: 907-336-5291
Fax: 907-336-5292
tcook@acsalaska.net
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| HAZEL CRAWFORD ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> _____ ) | **Civil Case No.: F03-0040 Civ (JWS)** <br><br> **REPLY TO UNITED STATE'S OPPOSITION TO MOTION FOR RECONSIDERATION** |

The Defendant, United States, in its <u>Opposition</u> attempts to mislead the court when it states that "the request [for admission] did not refer to an as-built; it referred to the 'Grading and Site Plan Details Drawing', which <u>was not necessarily an as-built drawing</u>." (emphasis added).  This is false. The drawing in issue was the as-built drawing. It was identified in the Request for Admission by both it bates number- EIEL 0000589, and by its title -"Grading and Site Plan Details Drawing". The as-built drawing is bates number EIEL 0000589; it is titled "Grading and Site Plan Details Drawing." For the Defendant to suggest that the drawing it admitted as being accurate "was not necessarily an as-built drawing"  borders on deceit.

The Defendant also argues that is denial that the as-built drawing was not accurate, does not equate to the drawing being accurate. This is illogical. Logic dictates that the drawing is either accurate or it is not accurate. Crawford asked the Defendant to admit the drawing was not accurate. It denied. By denying that it was not accurate, Defendant was admitting that the drawing was accurate.

Request for Admission 13 specifically referenced the accuracy of the drawing regarding "parking, curbage, sidewalks, ramps and other details." By denying that the that the drawing was not accurate as to these details the Defendant was admitting that these details were accurate. Therefore, the Defendant should be bound by these admissions.

The core of Hazel Crawford's case was that the Defendant had altered the area subsequent to the original construction, and therefore Defendant could not rely on third party design and construction immunity defenses. In order to prove the area had been altered, Crawford provided photographs, expert testimony, and lay testimony that the area was not the same as it was depicted in the as-built drawing. Crawford relied on the accuracy of the as-built drawing. This reliance was not merely presumptive[1] but on the explicit admission by the defendant that the as-built drawing was accurate. If the as-built drawing was accurate, then based on the evidence the area had clearly been altered. Therefore the Defendant was not shielded by the immunities and is responsible for the design / construction defect of the excessively high and dangerous curb.

Dated:  May 2, 2008                           ____s/s Tim Cook_____

                                              Tim Cook, Attorney for Plaintiff
                                              Alaska Bar No. 9007048

**CERTIFICATE OF SERVICE**
I hereby certify that a true and correct copy of the above document  was served electronically to the following:
Susan Lindquist
Assistant U.S. Attorney
Federal Building and U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513

---

[1] Although the As-Built Drawing was admitted without objection, it was clearly admittable under the business records exception to heresay. "The business records exception is based on a presumption of accuracy, accorded because the information is part of a regularly conducted activity, kept by those trained in the habits of precision, and customarily checked for correctness, and because of the accuracy demanded in the conduct of the nation's business." U.S. v. Snyder, 787 F.2d 1429, 1433-34 (10th Cir. 1986), cert. denied, 479 U.S. 836, 93 L. Ed. 2d 78, 107 S. Ct. 134 (1986).